ADOLPH ULLMAN AND L. S HEILBRON, PARTNERS UNDER THE FIRM NAME OF ULLMAN & COMPANY, APPELLANTS, v. JOHN F. LOCKHART, APPELLEE.

FRAUD—MORTGAGE EXECUTED EXPRESSLY TO DE-FRAUD CREDITORS OF MORTGAGOR IS VOID, WHETHER MORTGAGOR IS SOLVENT OR INSOLVENT.

Where a party indebted to divers persons, makes a note for a large sum secured by mortgage to her sister, who at the time is wholly without means to loan any money, and such note and mortgage are without any consideration whatever, and are transferred and assigned by the mortgagee, without any consideration, to a third party for foreclosure, who is at the time a trusted employee of the mortgagor, and who is fully cognizant of the fact that the execution of the note and mortgage and their transfer to him for foreclosure in his name were not *bona fide*, but devised and concocted for the express purpose of defrauding the *bona fide* creditors of the mortgagor, such mortgage and note is a fraud in fact upon the creditors generally of the mortgagor, and is utterly null and void as to such creditors; and, being designed in fraud, it made no difference whether the mortgagor was at the time of its execution solvent or insolvent.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*W. K. Zewadski,* for Appellants.

No appearance for Appellee.

TAYLOR, J.  The appellee Lockhart  filed his bill  in equity in the Circuit Court of Marion county against C. P. McGrath, the appellants Ullman & Company, D. Sachs & Sons, and Einstein Brothers, for the foreclosure of a mortgage covering the life estate of the mortgagor C. P. McGrath in certain lots in the city of Ocala in Marion county said mortgage being made by said C. P. McGrath to one M. J. Terrell to secure a note for $1000, said note and mortgage being alleged to have been transferred and assigned before maturity by M. J. Terrell to said Lockhart.  The bill alleged that the defendants Ullman & Company and D. Sachs & Sons had, subsequently to the execution and record of said mortgage, recovered judgments in the Circuit Court of Marion county against the mortgagor C. P. McGrath, the executions to enforce which judgments had been levied upon the  said  mortgaged property, and that C. P. McGrath had, subsequently to the execution and record of complainants' mortgage, executed a subsequent mortgage upon said property to the defendants Einstein Brothers; that said judgments and said subsequent  mortgage to  Einstein Brothers  were junior and subordinate to the mortgage of complainant. The bill prayed for foreclosure, for injunction to restrain the sale of the property under said alleged junior judgments, and that a receiver be appointed to take charge of the property and to collect the rents therefrom to be applied to the payment of said mortgage.

The defendants D. Sachs & Sons answered the bill denying that C. P. McGrath was in fact ever indebted to M. J. Terrell in the sum of $1000 or any other sum, and deny that said note and mortgage was assigned to the complainant before maturity, and deny that said note and mortgage was assigned by M. J. Terrell to complainant for a *bona fide* or valuable consideration, and allege

that the purported indebtedness secured by said mortgage never in fact existed but was simulated as part of a conspiracy on the part of McGrath, Terrell and complainant to defraud, hinder and delay the creditors of McGrath in the collection of their just claims; that the indebtedness to them on which they recovered judgment against McGrath existed long prior to the execution of said mortgage; that the said McGrath was insolvent at the time said mortgage was made which was known to said Terrell at that time, and that the life estate in said property covered by said mortgage was substantially all of the property of said McGrath that was subject to her debts; that the complainant knew these facts, and that if he paid anything to Terrell for such mortgage he did so with knowledge of the fact that it had been contrived to defraud, hinder and delay creditors.

The defendants Ullman & Company separately answered the bill in which they deny the bona fides of the mortgage from C. P. McGrath to M. J. Terrell, and allege that the mortgagor and mortgagee are sisters and that M. J. Terrell is poor and without property or means and that she did not have at the time and never had $1000 to let her sister have as a loan, and that said note and mortgage was a mere pretense contrived to defraud and defeat the creditors of McGrath. Said answer further "upon information avers the facts to be that the said Candace P. McGrath is wholly solvent and able to respond to any and all demands that are against her, but she is hiding and secreting her property with the view of defeating the payment of her debts, and that the giving of this mortgage was only a pretense and not a *bona fide* transaction." That the complainant Lockhart has for a long period been an employee of said C. P. McGrath and was such at the time of said assignment of said mortgage to him,

and was financially unable to take up or purchase said mortgage, and that said pretended assignment of said mortgage to him was part of the conspiracy to defraud, hinder and delay the creditors of McGrath.

The cause was referred to a master who took and reported a voluminous amount of evidence. At the final hearing upon the bill, answers and evidence reported the judge made and filed the following findings of fact: "This cause is before me on final hearing. It is a bill to foreclose a mortgage by the assignee of the mortgagee. The mortgagor admits the allegation of the bill in so far as it is material. The mortgage is dated Nov. 21st, 1903, due July 1st, 1904. Bill alleges that it was given to secure a past due debt. The mortgage covers certain real estate to which the mortgagor owns only a life estate. In addition to the lands the mortgage 'transfers and assigns all the rents and profits  *  *  *  that may accrue  *  *  * and the rents and profits recived  *  *  *  shall be credited on the note.'

The parties defendant are mortgagor and certain judgment creditors. The bill alleges the existing indebtedness and the giving of the mortgage and the note and its assignment and the assignment of the rents and profits, all before maturity of the note for valuable consideration, and that the complainant is the 'actual' owner and holder. That complainant had not collected any part of the rents and had been unable to collect the same, but for what reason is not known. By an amendment to the bill two judgment creditors and a second mortgagee are made parties defendant, and it is charged against the judgment creditors that they have levied executions on mortgaged lands and will sell unless restrained. On motion

40 S. C.

of the complainant a receiver is appointed to collect the rents and profits.

It is alleged that the security is insufficient and prays for a restraining order against the judgment creditors, and for the establishment of the mortgage as a prior lien, and that the status of the liens claimed be determined, and a plan of distribution or proceeds in case of sale of mortgaged premises.

Separate answers are filed by the defendants. On the part of Sachs & Sons they deny the existence of the debt for which the mortgage was given, or that it was transferred before maturity or for a valuable consideration. Charges a conspiracy between mortgagor, mortgagee and the complainant, to delay, hinder and defraud the creditors of the mortgagor, they being also creditors; charge that the debt for which the judgment was obtained was created prior to the making of the mortgage, that the mortgagors failing financial condition was known to the mortgagee and to the complainant at the time of the transactions and charges that the defendant in execution is insolvent.

Ullman and Company set up their debt and admit the record shows the existence of the mortgage mentioned in complainant, they neither admit or deny its transfer and on information and belief charge a conspiracy between the mortgagor and mortgagee to defraud the creditors of the defendant in execution, by encumbering the property. Avers that the mortgagor is solvent but is secreting her property; that since the making of the mortgage the complainant has joined in and become a party to defraud the creditors and that he was not financially able to take up and pay off the mortgage.

Einstein Brothers answer and admit that they have a mortgage, and give its date and amount, neither admit or deny that complainant's mortgage is superior.

To these answers general replications are filed and in this state of the pleading the testimony was taken and is now submitted.

From the pleading and the testimony these facts are found.

1st.   Candace P. McGrath executed the mortgage and note and as between the complainant and the said Candace P. McGrath the same is good and creates a lien on the lots of lands therein mentioned.   That at the time of the execution of the note and mortgage Candace P. McGrath was insolvent and that fact was known to the assignee and to the complainant at the time of their transactions in relation thereto.

3.   Mary J. Terrell is the sister of Mrs. Candace P. McGrath and at the time of the execution of the note and mortgage was a poor woman and had not means to loan money.

4th.   That the complainant at the time of, long before and after the execution of the note and mortgage was hireling of the said Candace P. McGrath, knew of her financial condition and of the claim of the defendants Sachs & Sons, and knew Mrs. Mary J. Terrell and her financial condition at that time.

5th.   That the indebtedness upon which the said judgments were obtained accrued long before the making of the note and mortgage.

6th.   That complainant knew that the security was inadequate and never undertook or tried to collect the rents prior to the judgment creditors moving to collect their debts against the property.

7th.   That complainant has never conferred with Mr. William Hocker his solicitor of record relative to his purchase of  the note and  mortgage, and the  charge against him relative to his connection with the matter, not answered the charge of combination and conspiracy to hinder, delay and defraud the creditors of Mrs. Mc-Grath.

8th.   The record shows, and the complainants' solicitor of record admits that he got the note and mortgage from Mr. H. M. Hampton the law clerk in the office of Mr. H. L. Anderson the solicitor for the mortgagor, and that Mr. H. M. Hampton is also an attorney at law, and that Mr. Hampton prepared the bill of complaint, the notice for the appointment of the receiver, and the order appointing the receiver the affidavit for non resident publication, the replication to the answers, the præcipe for a decree pro confesso, and that all of the pleading was so prepared by Mr. Hampton and taken to the solicitor of record who signed the papers as solicitor for complainant.

Mr. H. M. Hampton  wrote the orders of  reference, wrote then and brought them to the judge for signing; that the solicitor of record for the complainant has a type writer and stenographer and did have at the time this was done, in his law office, in Ocala, Florida.   Mr. Hampton was and is in Ocala since the commencement of the suit and had not testified or made any explanation of the matter.

9.   That Mr. George A. Carmichael was the agent of the complaint who swore to the bill, and after the testimony was concluded and on a special order of the court for the purpose of allowing him to testify, he still being in Ocala, he refused or omitted to take the stand, though the motion for the order states that he had knowledge of the facts.

11th. The judgment creditors who are defendants claimed and the indebtedness to them was in existence before the giving of the mortgage. That D. Sachs & Sons have been injured by the giving of the mortgage; the complaint showing the mortgagor insolvent and they avering the same, but the defendants Ullman & Company having denied the insolvency of the mortgagor have not shown any right to question the validity of the mortgage or to show they are injured thereby.

12th. The receiver's report is correct and the same is approved and the amounts reported as expended by him is allowed, and his services will be decreed to be worth one hundred dollars.

It is therefore considered and ordered that a decree will be now made in accordance with these findings, and the complaint have a decree against Mrs. Candace P. McGrath in the sum of one thousand dollars with interest since the making of the note at the rate of 8 per cent per annum and that she be decreed a mortgage lien as to the lot of lands in the mortgage, and attorney's fee at $150.00 and that it be decreed to be suporior lien as against Ullman & Co. Einstein Brothers. That as against the defendants D. Sachs & Sons the complaint has not sustained his bill of complaint and the same as to them will be dismissed. That the cost of the proceeding as reported by the master be taxed against the defendant Candace P. McGrath.

Ocala, Florida, June 22nd, 1905.　W. S. Bullock, Judge."

Upon this finding of facts from the proofs the court below rendered the following final decree: "This cause coming on for final hearing was argued by the solicitors for the respective parties and taken by the court under consideration; and the court having this day filed an

opinion and finding of fact and law, and having considered said cause, it is ordered, adjudged, considered and decreed as follows, viz:

1st. That as against the defendants Candace P. McGrath, Adolph Ullman and L. S. Heilbron, co-partners under the firm name and style of Ullman & Company and Einstein Brothers, the complainant hath sustained his bill of complaint, and is entitled to a decree of this court.

2nd. That the complainant do have and recover of and from the defendant Candace P. McGrath the sum of one thousand dollars for the principal of the said note and mortgage, together with the further sum of one hundred and forty dollars for interest thereon to this date; and that said complainant do further have and recover as his reasonable solicitor's fees in this behalf the sum of one hundred and fifty dollars as provided by said mortgage and the proof, together with the cost of these proceedings to be taxed by the clerk of this court. That if said various sums of money be not paid by the said Candace P. McGrath within five days from this date, then in that event the mortgaged premises described be sold to satisfy and liquidate said amounts herein decreed, as hereinafter mentioned: Said complainant is hereby declared to have a mortgage lien to secure the payment of the above mentioned sums of money on that certain tract or parcel of land located, lying and being in Marion county, State of Florida, and described as Lots one (1), two (2) and four (4) of block forty-two (42) of the Old Survey of Ocala. That in event the above sums of money are not paid within five days from this date, as hereinbefore ordered, then that all the right, title, interest and estate, claim and demand of the said Candace P. McGrath in and to said mortgaged premises be sold, after four consecutive

weeks advertisement, in and to said mortgaged premises be sold, after four consecutive weeks advertisement, in front of the court house door in Ocala, Marion County, Florida, during the legal hours of sale for the purpose of paying the amounts herein decreed to be due the complainant by the said defendant, Candace P. McGrath; which sale shall be at public auction to the highest and best bidder for cash. In case of said property being sold as hereinbefore decreed, the said Candace P. McGrath, the said Ullman and Company and the said Einstein Brothers, all and each of them are barred and foreclosed of, in and to all equity of redemption to said mortgaged property. That in event the said amounts herein decreed to be paid are not paid within the time hereinbefore specified, Lanier Robertson be and is hereby appointed as special master in chancery to make said sale and execute this decree, with directions to report the same, together with his proceedings, to the court; and that out of the funds derived from said sale, (1) the costs, charges and expenses of these proceedings; (2) The sum of one hundred and fifty dollars to the complainant or his solicitor for his solicitor's fees in the foreclosure of this mortgage; (3) The sum of one thousand one hundred and forty dollars, being the principal and interest herein decreed to be due the complainant by the defendant Candace P. McGrath; and if any balance remain he report the same to this court, together with his report of the proceedings had by him hereunder.

3rd. That the said mortgage lien of the complainant is hereby declared to be superior in dignity and effect to the mortgage given by Candace P. McGrath to Einstein Brothers, as alleged in the bill of complaint, and also superior in dignity and effect to the judgment of the de-

fendants Ullman & Company, as mentioned and alleged in the bill of complaint: That as against the judgment of Morris D. Sachs and Edward Sachs and Sam Hass, as co-partners under the firm name and style of D. Sachs & Sons, this court is of the opinion, from the pleadings and proofs, that the mortgage note and the mortgage given to secure the same by Candace P. McGrath to Mary J. Terrill was fraudulent, and without consideration, and for the express purpose of hindering and delaying said creditors of the said McGrath from collection a just claim of theirs against her, and that said mortgage has that effect; wherefore said bill of complaint is dismissed as to the said D. Sachs & Sons.

4th. It is further ordered that the master's report of cost before him be and the same is hereby allowed. It is further ordered that the report of the receiver be and the same is herby allowed, and that his bill for expenses be and the safe are approved and allowed and that he receive the sum of one hundred dollars for his services to this date; and that he continue as such receiver until the further order of this court, with directions to proceed in the management of the said property as he has been heretofore doing, if in his judgment it is practicable, with the further directions to take steps at once to collect the amount due for rents by the delinquent tenants or to dispossess them from the premises; and further, that he serve notices on them or either of them to show cause why they or either of them should not be held in contempt of this court for failure to pay the rent due. Done at Chambers in Ocala, Florida, this July 22nd, 1905."

From this decree the complainant entered his appeal to this court, but said appeal seems to have been abandoned. The defendants Ullman & Company, C. P. Mc-

Grath and Einstein Brothers also entered their appeal from said decree, but the said appeal has been abandoned by all the defendants except Ullman & Company, who alone assign errors and present the case on briefs. The court below, after finding that the mortgage sought to be foreclosed was a fraud in fact upon the rights of the creditors of C. P. McGrath, and that the pretended debt to M. J. Terrell secured thereby was a sham, fraud, and pretense, and without any real *bona fide* existence, and that the complainant Lockhart as assignee of the mortgage knew it to be such, and was a party to the fraud, holds that said mortgage, notwithstanding these facts, was a superior lien to the judgment of Ullman & Company that was based upon an indebtedness existing prior to the execution of such mortgage, because the said Ullman & Company in their answer to the bill alleged that C. P. McGrath was solvent and able to pay her debts, but was covering up and secreting her property to hinder, delay and defraud her creditors. This was error. According to the findings of facts by the judge below from the proofs the mortgage from C. P. McGrath to M. J. Terrell was a fraud in fact upon the creditors generally of C. P. McGrath, and was utterly null and void as to such creditors, and being designed in fraud, it made no difference, so far as the creditors Ullman & Company were concerned, whether she was at the time solvent or insolvent. McKeown v. Allen, 37 Fla. 490, 20 South. Rep. 556. The bill should have been dismissed as to both of the judgment creditors D. Sachs & Sons, and Ullman & Company, and also as to the junior mortgagees Einstein Brothers. The decree appealed from is, therefore, hereby reversed at the cost of the appellee John F. Lockhart, and the cause remanded with directions for such further pro-

ceedings as may be in consonance with equity and not inconsistent with this opinion.

SHACKLEFORD, C. J., COCKRELL, WHITFIELD and PARK-HILL, JJ., concur.

HOCKER, J., disqualified.