OSTEND REALTY COMPANY, a Corporation, CLARENCE M. BUSCH, and BONNIE M. BUSCH, his Wife, *Appellants*, v. BISCAYNE REALTY & INSURANCE COMPANY, a Corporation, *Appellee*.

Division B.

Opinion filed May 28, 1930.

*Godard & Hyzer,* for Appellants;

*Wm. G. McRae,* for Appellee.

BUFORD, J.—This is an appeal from an order overruling the joint and several demurrers of the defendants in the court below to the bill of complaint.

The purpose of the bill was to set aside and declare null and void certain conveyances made by the Ostend Realty Company and to subject the lands covered by such conveyances to the lien of an unsatisfied judgment which the complainants are alleged to have held against the defendant, Ostend Realty Company. The contention is that the bill does not sufficiently allege facts constituting fraud; that it does not sufficiently allege the insolvency of the defendant at the time of the alleged fraudulent conveyance; that it does not sufficiently allege insolvency at the commencement of the action; that it does not sufficiently allege the knowledge and intent of the grantee and that the bill of complaint contains averments at variance with each other as to the matter of consideration.

The last contention mentioned is based upon the fact that the bill alleges that there was no consideration for the conveyances or either of them and that copies of the conveyances are attached to the bill of complaint and made a part thereof by apt words; that in these copies of the conveyances there appears the recital of a valuable consideration. We do not think that the complainant is bound by the recitals in the copies of the conveyances attached to its bill of complaint, although such copies are made a part of the bill of complaint, and we find no merit in this contention.

Section 3864, Rev. Gen. Stats. of Fla., 5771 Comp. Gen. Laws 1927, appears to have been the foundation upon which this suit was predicated. It is not necessary to quote the section of the statute as it may easily be referred to by those interested in its contents.

The bill of complaint alleged the procurement of a judgment against the defendant, Ostend Realty Company, by the complainant on the 25th day of April, 1928, as a result of a suit filed on the 17th day of May, 1927. The bill alleged that the title to certain property described in the

bill of complaint was in defendant. The bill alleges that after the incurring of the indebtedness which constituted the basis of the cause of action resulting in the judgment the defendant Ostend Realty Company, did transfer and convey each of the parcels of land described to certain named defendants. The bill then alleges:

"Your orator charges the fact to be that the transfer of said real estate, and each parcel thereof, as aforesaid, was fraudulent, and that the said real estate, and each parcel thereof, was so transferred and conveyed for the purpose of covering up and concealing the property of OSTEND REALTY COMPANY and hindering and delaying your Orator of its debt and demand."

The bill further alleges:

"Your Orator charges the facts to be that all of the pretended sales and transfers herein set forth and designated as 'Exhibits C, D, E, F, G, H, I, J and K,' and each of them, were without any consideration, and were made with the full knowledge and concurrence of the said Defendants, parties thereto, respectively, and of each of them, with the intention and design of hindering, delaying, cheating and defrauding your Orator out of its said debt and demand, and of transferring the ostensible ownership and possession of all of the property of the defendant, OSTEND REALTY COMPANY, which was subject to execution, to the various and several Defendants named herein, so as to prevent your Orator or any other Creditors of the Defendant, OSTEND REALTY COMPANY, from levying upon or selling the whole or any part of said property for the satisfaction of their debt or debts or demand or demands."

In Jackson, Sheriff, v. Citizens Bank & Trust Company, 53 Fla. 265, 44 So. R. 546, this Court say:

"A purchase made by one not a creditor is fraudulent and void as against creditors, even though the purchaser has paid an adequate consideration, where the seller has at the time a purpose or intent to defraud his creditors, or to hinder and delay them in the collection of their debts and the purchaser knew of such purpose or had knowledge of such facts or circumstances as would have induced an ordinarily prudent person to make inquiry, and which inquiry, if made with reasonable diligence, would have led to the discovery of such fraudulent purpose of the seller and the buyer did not make such inquiry. If the purchaser has paid value and has not such knowledge, he is a *bona fide* purchaser, and will be protected as such."

We think the allegations of the bill are quite sufficient to constitute allegations of fraud. It is not necessary that the pleader should set up in the bill all the facts evidencing the alleged fraud.

In McKeown v. Allen, 37 Fla. 490, 20 So. R. 556, this Court say:

"A voluntary conveyance by one who is indebted is presumptively fraudulent when attacked by a judgment creditor upon a debt existing at the time of its execution. In such cases it is not necessary to show that the debtor was actually insolvent at the time he executed the conveyance."

See also Beasley, Trustee, v. Coggins, 48 Fla. 215, 37 So. R. 213; Ullman & Heilbron v. Lockhart, 51 Fla. 602,

41 So. R. 452; Hummell et al. v. Harrington, 92 Fla. 87, 109 So. R. 320.

Upon authority of the opinions above cited, we may say that it is settled that if a conveyance is made without consideration by a creditor for the purpose of hindering and defrauding his creditor in the collection of his debt and when the grantee named in the conveyance is cognizant of, and party to, such condition and transaction the conveyance is void as to creditors whether the debtor be solvent or insolvent. The allegations of the bill of complaint sufficiently allege the knowledge of the grantee named in each conveyance of the existing condition and that such grantee participated knowingly in the fraud sought to be perpetrated.

The order of the chancellor overruling the demurrer to the bill of complaint should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.