J. W. SAMPLE v. A. D. NATALBY and AUGUSTA M. NA-
TALBY, individually and as Trustees for A. D. Natalby.

162 So. 493.
Division B.
Opinion Filed June 21, 1935.

162

*W. Wallace Shafer,* for Appellant;

*Huffaker & Edwards,* for Appellees.

BUFORD, J.—The appeal is from an order dismissing the bill of complaint and from another order dismissing amended bill of complaint.

The allegations of the bill of complaint and of the amended bill of complaint show that J. W. Sample on December 21, 1926, recovered a judgment against A. D. Natalby in the Circuit Court of Polk County in the sum of $984.28.

On June 14, 1933, execution was issued under the judgment and same returned *nulla bona.*

At the time Sample filed his suit against Natalby, Natalby was the record owner of certain real estate in Polk County, Florida. Shortly after the filing of the suit and service of summons on Natalby he conveyed certain real estate to one Margaret Clancy and on the same day Margaret Clancy reconveyed the real estate to A. D. Natalby, the defendant in the civil action, and Augusta M. Natalby, his wife, thus attempting to create an estate by the entireties. These transfers occurred on December 7, 1926, which was two weeks before the entry of the judgment.

On March 31, 1933, Sample filed his bill of complaint in the Circuit Court of Polk County attacking the validity of

the transfer from Natalby to Clancy and the reconveyance back to Natalby and wife. It was alleged that both transfers were made without consideration and for the purpose of hindering and delaying creditors; that it constituted a fraud upon creditors and that such transfers created a resulting trust in favor of A. D. Natalby in the title to the land.

Motion was made to dismiss the original bill of complaint and granted, as was motion to dismiss the amended bill of complaint.

The motion to dismiss the amended bill of complaint contained eight grounds as follows:

"FIRST: That said amended bill is identical in substance and in legal theory to plaintiff's original bill, which this Court has held bad on prior motion of these defendants to dismiss.

"SECOND: That there is no equity in plaintiff's bill as amended.

"THIRD: That it affirmatively appears from plaintiff's said amended bill that plaintiff's right to relief, if any in fact ever existed, is now barred by *laches*.

"FOURTH: That it does not appear from plaintiff's said amended bill that the defendant, A. D. Natalby, is now insolvent.

"FIFTH: That it does not appear from plaintiff's said amended bill that the defendant, A. D. Natalby, was rendered insolvent as a result of the transactions which plaintiff's amended bill seeks to set aside.

"SIXTH: That plaintiff's amended bill seeks to state a cause of action inconsistent with the cause of action stated in the original bill.

"SEVENTH: That from aught that appears from plain-

tiff's amended bill the writ of *fieri facies* issued on the judgment sought to be enforced was improperly issued.

"EIGHTH: That said amended bill contains mere conclusions of the pleader as to defendant's alleged fraud without stating the facts upon which such conclusions are based."

The 1st, 2nd, 4th, 5th, 6th, 7th and 8th grounds of the motion are clearly without merit. The bill of .complaint contains all necessary allegations to support the relief prayed for, which was as follows:

"1. That this honorable Court will take jurisdiction of the subject matter hereof and the parties hereto.

"2. That this Court will find the equities herein to be with the complainant, J. W. Sample, and against the defendants herein.

"3. That this honorable Court will order and decree that the sale and transfer of the premises as hereinabove described from the defendant, A. D. Natalby, joined by his wife, Augusta M. Natalby, to Margaret Clancy, and the reconveyance from the said Margaret Clancy to A. D. and Augusta M. Natalby, husband and wife, be decreed to be now owned by A. D. Natalby and Augusta M. Natalby, husband and wife, as Trustees for A. D. Natalby, and as such freed from their purported immunity as an estate by the entireties and be decreed to be subject to the payment of your Orator's just judgment claim against the said A. D. Natalby.

"4. That this honorable Court further decree that said conveyance be fraudulent as against your Orator's just claim and that said premises will be decreed to have been subject to the lien of your Orator's judgment since the date of its entry in the Judgment Records of Polk County, Florida."

Then followed a general prayer for relief.

The order dismissing the amended bill states:

"And it appearing to the Court that it affirmatively appears from plaintiff's amended bill of complaint that plaintiff's right to relief, if any, is barred by his *laches.*"

This was the Third ground of the motion to dismiss. That is the only ground of the motion which we think the Chancellor could have seriously considered as having merit.

It is true that there has been a great lapse of time, to-wit, about six years, since the rendition of the judgment, the alleged fraudulent transfer of the property and the date of the filing of the bill of complaint in this cause. But, there is nothing contained in the amended bill of complaint which shows that the defendants have been prejudiced by this delay. The bill does not show that there has been any death of parties, any loss of papers, any death of witnesses, any change of title nor any intervention of equities during this lapse of time.

If the allegations of the bill of complaint are proven to be true then the transfer of the property by Natalby through a conduit, Margaret Clancy, to himself and wife to create an estate by entireties to place that property beyond the reach of his creditor who was about to procure a judgment against him, was a fraud upon the creditor and created a resulting trust which has continued until the present time. See 1st Perry on Trust, 124; Barrow v. Bailey, *et al.,* 5 Fla. 9; Robertson, *et al.,* v. Springfield Co., 21 Fla. 203.

It is well settled that voluntary conveyances by debtors of their real estate are not absolutely fraudulent *per se,* but are *prima facie* or presumptive evidence of fraud, which may be rebutted or explained, and the burden of proof to show that the deed was not fraudulent falls upon those claiming under it. Folsom v. Farmers Bank, 102 Fla. 899, 136 So. 524; Brent v. Simpson, 238 F. 285, 290; Os-

tend Realty Co. v. Biscayne Realty, etc., Co., 99 Fla. 1221, 128 So. 643; McKeon v. Allen, 37 Fla. 490, 20 So. 556. See also Russ v. Blackshear, 88 Fla. 573, 102 So. 749."

In Norton v. Jones, 83 Fla. 81, 90 Sou. 854, we said:

"*Laches* is an unexcused delay in asserting rights during a period of time in which adverse rights in the premises have been acquired under circumstances that make it unequitable to displace such adverse rights for the benefit of those who are bound by the delay."

In Anderson v. Northrop, *et al.,* 30 Fla. 612, 12 Sou. 318, it was held that *laches* is a neglect to do something that by law a man is obliged or in duty bound to do. It is not mere delay that constitutes *laches*. Marshal v. Young Construction Co., 94 Fla. 11, 113 Sou. 565; Seaboard All Fla. Ry. v. Underhill, *et al.,* 105 Fla. 409, 141 Sou. 306.

In Marshal v. Young Construction Co., *supra,* it was held:

"Unreasonable delay in forcing a right, coupled with a disadvantage to another are elements of the estoppel against the assertion of the right which is called *laches.*"

In Tampa Waterworks Co. v. Wood, 104 Fla. 306, 139 Sou. 800, we said, citing Norton v. Jones, *supra:*

"Where delay in seeking relief has resulted in no injury, embarrassment or disadvantage to any person, and particularly to the person against whom relief is sought, the doctrine of *laches* does not apply."

The last quoted enunciation appears to be the rule by which the amended bill of complaint in this case should be measured and there is nothing in this bill of complaint which shows that the defendants have been prejudiced or will suffer any additional hardship by reason of the delay in the bringing of this suit. If the complainant was entitled to the relief prayed immediately after recovering his judgment,

it appears clear to us that his right is continued unimpaired by the lapse of time.

The order dismissing the amended bill of complaint should be reversed. Upon reversal of this order the order dismissing the original bill of complaint becomes immaterial. In fact, the complainant waived whatever error may have existed in that order by filing his amended bill of complaint.

Reversed and remanded for further proceedings not inconsistent with this opinion.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

DAVIS, J. (concurring).—I agree that *laches as a matter of law* cannot be said to bar the bill on its face. But the long delay coupled with a showing of prejudice that may appear by answer and evidence might constitute a good defense on final hearing of the merits, especially in a case like this when the wife is not claimed to be a mere present holder of the title for the husband's use and benefit, but rather the voluntary grantee of it under a long standing conveyance that at the time it was made was constructively, at least, a fraud on creditors.