330 So.2d 217 (1976)
Evelyne R. BECHTEL, Appellant,
v.
ESTATE of V. Richard BECHTEL, Deceased, Appellee.
No. 75-439.
District Court of Appeal of Florida, Second District.
April 14, 1976.
*218 Michael R.N. McDonnell of Brown, Smith, Young & Pelham, Tallahassee, for appellant.
B. Clarke Nichols of Vega, Brown & Nichols, Naples, for appellee.
BOARDMAN, Judge.
The question for determination in this appeal is whether bearer bonds found in a safe deposit box leased in the names of decedent/husband, Bechtel, and/or his wife, were held by them as tenants by the entirety. The trial court held they were and that the decedent's surviving spouse became owner as a matter of law. We reverse.
Bechtel died intestate on October 4, 1967, with an estate valued at over $2,000,000. He was survived by his wife and a son from a former marriage. Upon his death $550,000 in bearer bonds were found in the safe deposit box in the Bank of Naples leased by the decedent on December 18, 1962. Although the lease agreement indicated that the box was for the use of Bechtel and/or his wife, she did not actually sign the lease until after his death. Nothing in the lease referred to the ownership of the contents of the box. According to decedent's wife, there were two keys to the safe deposit box. One of these keys was nominally hers; however, she testified it was "... the rule of the house..." that she could not open the safe deposit box. Although both keys were kept in her husband's desk, she never opened the box, either alone or in the company of her husband. After Bechtel's death, the keys could not be found and it was necessary that the box be drilled open. The contents of the box consisted of stocks in decedent's name, stocks in his wife's name and the bearer bonds mentioned above.
Upon Bechtel's death, his wife, acting as administratrix, declared the bonds to be property held by them as tenants by the entirety. Thus, they were not included in the inventory filed in the probate proceeding. An objection to inventory was filed by the appellant who asserted that the bearer bonds should have been included as assets of the estate. Appellant is the former wife of the decedent's son, and is an interested party by virtue of a divorce settlement in which the court awarded her a 40% interest in her former husband's share of his father's estate.
*219 A hearing was held on the objection. Over appellant's objection, decedent's wife was permitted to testify that the decedent had suffered a heart attack three years prior to his death and at that time had told her not worry because the negotiable bonds were available to take care of her when he died. The court rejected appellant's objection to said testimony on two grounds. The court found that there was a waiver of the Dead Man's Statute (Fla. Stat. § 90.05) during the taking of a deposition and that "... the more modern approach ..." is to allow the trier of the facts to give the testimony "... such weight as it may be worth." The court subsequently entered an order denying the objection to the inventory and finding that the bonds were owned by the decedent and his wife as tenants by the entirety at the time of the decedent's death and thereby, as a matter of law, became the property of his wife.
Appellant contends that the trial court erred in finding that the bonds were held as an estate by the entirety.
After a careful review of the entire record and briefs of counsel, we agree with appellant. It is well settled in this jurisdiction that a tenancy by the entirety must possess unity of possession (joint ownership and control); unity of interest (the interest must be the same); unity of title (the interest must originate in the same instrument) unity of time (the interest must commence simultaneously); and the unity of marriage. First National Bank of Leesburg v. Hector Supply Co., Fla. 1971, 254 So.2d 777. Each of these unities must be present in order to uphold the ruling of the trial court. However, with the exception of the "unity of marriage," the other characteristics of a tenancy by the entirety are not present in this case. The mere leasing of a safe deposit box is insufficient, standing by itself, to create a joint tenancy or a tenancy by the entirety in its contents. See 40 A.L.R.3d 462 (1971). This is particularly true where, as here, decedent's wife did not exercise any control over the box and its contents and where the safe deposit box lease was silent as to the ownership of the contents. Compare Lilly v. Schmock, 1941, 297 Mich. 513, 298 N.W. 116, and Graham v. Barnes, 1927, 259 Mass. 534, 156 N.E. 865, with Bauernschmidt v. Bauernschmidt, 1903, 97 Md. 35, 54 A. 637, and Frey v. Wubbena, 1962, 26 Ill.2d 62, 185 N.E.2d 850. Cf., Canova v. Florida National Bank of Jacksonville, Fla. 1952, 60 So.2d 627. The fact that a person may have the right of access through a written instrument to the contents of a safe deposit box does not mean, absent such language in the lease agreement, that said person has a right to the ownership of the contents found in the box. See In re Brown, Sur.Ct., Kings County, 1914, 86 Misc. 187, 149 N.Y.S. 138, and In re Wilson's Estate, 1949, 404 Ill. 207, 88 N.E.2d 662. We have been unable to find a Florida case in which this precise question has been decided. We are convinced that the law enunciated in the above-cited cases is ample decisional authority to support our position with regard to this issue.
Appellant in her second point asserts that the trial court erred in finding that there was a valid waiver of the Dead Man's Statute. Upon examination of the record, we do not believe it shows that there was a waiver of the protection of the Dead Man's Statute by appellant. The alleged waiver is said to have occurred during the taking of a deposition of decedent's wife when, in a nonresponsive answer to a question by appellant's attorney, she volunteered that the decedent made a statement to her approximately three years prior to his death that the bonds in issue would provide for her needs. The question, as posed, did not amount to an inquiry into a transaction with the decedent that would have constituted a valid waiver. This unsolicited testimony as to decedent's intent should not have been considered by the trial judge to have constituted a waiver of *220 the protection of the statute. See Fla. Stat. § 90.05. In any event, the mere taking of a deposition will not waive the protection of the aforesaid statute. Bordacs v. Kimmel, Fla.App.3d, 1962, 139 So.2d 506; Small v. Shure, Fla. 1957, 94 So.2d 371.
Concluding as we do that the bonds in question were owned by the decedent and upon his death should have been included in the inventory of his assets filed in the estate, we hold that the trial court erred in holding otherwise. Accordingly, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
McNULTY, C.J., and SCHEB, J., concur.