PEARSON, Judge.
The appellants Carlos M. Vazquez, Carmen Vazquez and Waldina Borrero are the record titleholders of real property. They were impleaded in proceedings supplementary to execution. See Fla.Stat. § 56.29. This appeal is from an order directing levy on the property for the judgment debt of Jorge Baro. The appellees are Gregorio Santisteban and Aida Santisteban, the judgment holders. The question presented is whether the record shows a fraudulent transfer of the title of the property from Jorge Baro to the Vazquezes and Borrero.
The record shows the history of the judgment and the transfers of the land as follows:
(1) February 19, 1974 — Deed from Baro to Max Enterprises, Inc.
(2) April 3, 1974 — Deed from Max Enterprises, Inc., to Jorge Baro and Dulce M: Baro, his wife.
*98 (3) July 10, 1974 — Suit by Santisteban against Baro on promissory note.
(4) August 13, 1974 — Deed from Baro and wife to the Vazquezes and Borrero (appellants).
(5) August 15, 1974 — Final judgment for Santisteban against Jorge Baro, individually.
The trial judge found that the deed from Baro to Max Enterprises, Inc. (1 above) was without consideration, and that the deed from Max Enterprises, Inc., to Jorge Baro and Dulce M. Baro (2 above) was without consideration. The court further found that the real property was purchased by Jorge Baro with his own funds and was never intended to be the property of Max Enterprises, Inc., that the property was never intended to be entireties property, and that the transfers were made while Baro was insolvent and were made to defraud creditors. The court also found that the deed from Baro and wife to the Vazquezes and Borrero was fraudulent.
The controlling question is whether the evidence and the findings are sufficient to subject the real property to the judgment against Jorge Baro, individually. We hold that they are not sufficient and we reverse the order appealed.
Section 689.11 of the Florida Statutes authorizes a direct conveyance from a husband to himself and his wife, thereby creating an estate by the entireties. Therefore, the finding that the real property was purchased solely with the funds of the husband is not material to the validity of the deed. The finding that the wife did not pay a consideration for the deed is also immaterial because such deeds are contemplated by the statute and are presumed valid upon the consideration of love and affection. See 10 Fla.Jur. Deeds § 59 (1973) ; and cf. Waterman v. Higgins, 28 Fla. 660, 10 So. 97 (1891). We do not presume to hold that such conveyances may not be found to be fraudulent when, as in Sample v. Natalby, 120 Fla. 161, 162 So. 493 (1935), the evidence supports a finding that the conveyance was for the purpose of placing the property beyond the reach of the grantor’s creditor who was about to procure a judgment against him.
 The question, therefore, is whether the evidence here is sufficient to support a finding that the deeds of February 19, 1974 (1 above) to Max Enterprises, Inc., and of April 13, 1974 (2 above) to Jorge Baro and Dulce M. Baro, his wife, were for the purpose of defrauding the Santiste-bans “who [were] about to procure a judgment against him.” We hold that the evidence was not sufficient because the conveyances were made before suit was instituted on the note and the finding that the deeds were fraudulent is based upon lack of consideration and the fact that Jorge Baro had paid for the property from his own funds. The finding that Jorge Baro was “insolvent” is likewise an insufficient basis for the finding. An insolvent person may make a valid deed for a good consideration and, in the absence of evidence that the deed was made for an illegal purpose, the deed will pass title. See Stelle v. Dennis, 104 Fla. 384, 140 So. 194, 196 (1932).
Inasmuch as it is our determination that Jorge Baro and Dulce M. Baro, his wife, held a valid title as an estate by the entire-ties before the institution of suit on the promissory note and that the record does not support a finding that the deed was for the purpose of placing the property beyond the reach of the Santistebans, who were about to procure a judgment against him, the subsequent deed to the appellants Vazquez and Borrero is not subject to Santisteban’s judgment. See Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941) ; and Winters v. Park, Fla.1956, 91 So.2d 649.
The order appealed is reversed.