GRIMES, Acting Chief Judge.
In the first appearance of this case before our court we reversed the judgment below and held that certain bearer bonds which were located in a jointly-owned safety deposit box on the date of the decedent’s death should be included in the inventory of the assets of the estate. Bechtel v. Estate of Bechtel, 330 So.2d 217 (Fla.2d DCA 1976). Upon remand the successful appellant filed a petition for production of estate assets pursuant to the opinion of this court which had ruled that “. . . the bonds in question were owned by the decedent. . ” Believing himself to be bound by our prior opinion, the trial judge entered an order directing the widow to deliver physical possession of the. bearer bonds to a newly appointed administrator ad litem.
On appeal the widow first contends that the order is not binding upon her be *929 cause the court never had jurisdiction over her in her individual capacity. Admittedly she was never served by process and, strictly speaking, she was not a party to the previous proceeding. Nevertheless, we hold that she cannot refuse to comply with the court’s order. At the trial, while Mrs. Bechtel (now Mears) was nominally appearing in a fiduciary capacity, she was actually asserting a position favoring her own personal interest and contrary to the interest of the estate. We suggest no impropriety, but simply point out that her posture in the litigation was tantamount to a personal appearance. Cf. First Wis. Nat. Bank of Milwaukee v. Donian, 343 So.2d 943 (Fla.2d DCA 1977). That the issues were clearly drawn is demonstrated by the following colloquy between the court and her attorney which took place at the trial.
THE COURT: Basically, the issues are whether the bonds belong to Mrs. Bechtel as survivor of the tenancy or whether they go into the intestate estate.
MR. VEGA: That is the only issue I see, your Honor. That is the only issue I see and I can submit the written memorandum.
To say that the widow has not had her day in court on this point is to exalt form over substance.
The widow also contends that we erred in certain particulars with respect to our former opinion. Since this is the same lawsuit over which we have not lost jurisdiction, she contends that we should correct the error pursuant to the rationale of Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla. 1953). In our prior opinion we held that the court erred in finding that there had been a waiver of the Dead Man’s Statute which would permit the widow to testify concerning a communication with her husband prior to his death. In support of our ruling we correctly stated that the mere fact that the opposing party had taken her deposition could not waive the protection of the statute. The widow now points out that the successful appellant (now the appellee) introduced the widow’s deposition at the trial. We have examined the record and find this to be so. Therefore, we must acknowledge that the judge correctly admitted the testimony in the first place because the introduction into evidence of the deposition which contained the decedent’s communications with the widow would constitute a waiver of the Dead Man’s Statute. Small v. Shure, 94 So.2d 371 (Fla. 1957); Bordacs v. Kimmel, 139 So.2d 506 (Fla.3d DCA 1962).
In a similar vein the widow also asserts that our statement in the opinion that she did not sign the safety deposit box lease until after her husband’s death is also erroneous. We have examined the record on this point and find that the evidence is conflicting. Since the trial judge originally ruled for the widow, we should give her the benefit of the doubt and concede that there is evidence in the record to support the conclusion that she signed the safety deposit box lease within a few days after it was opened in the name of her and her husband.
In view of these errors which have been brought to our attention, we have undertaken the obligation to review once again the correctness of the original final judgment. But once again we find it wanting. Given the admissibility of the widow’s testimony concerning her husband’s comments, and acknowledging the fact that she signed the lease shortly after the safety deposit box was opened, the evidence still falls short of meeting the legal requisites for proving a tenancy by the entirety in the bearer bonds. The reasoning set forth in our original opinion continues to be valid, and the cases cited therein remain applicable.
The other points raised by the widow are without merit and need not be discussed.
AFFIRMED.
SCHEB and OTT, JJ., concur.