**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE AT 11885 S.W. 46 STREET, MIAMI, FLORIDA, Together with All Appurtenances Thereto and All Improvements Thereon, Defendant.**

No. 88–1152–CIV–KING.

United States District Court, S.D. Florida.

Nov. 21, 1990.

Dexter Lehtinen, U.S. Atty. by B.B. Allen, Asst. U.S. Atty., Miami, Fla., for plaintiff.

J.B. Harris, Miami, Fla., for claimant Southeast Mortg.

Robert I. Targ, South Miami, Fla., for claimants Fuentes.

FINAL JUDGMENT IN ACCORDANCE WITH ELEVENTH CIRCUIT'S ORDER

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court upon the Eleventh Circuit Court of Appeals' remand for entry of a final judgment in accordance with its order. On June 5, 1989, this court entered final judgment in this case involving the civil forfeiture of the above-referenced property. In brief, the court found that Ramon Fuentes, unbe-

knownst to his wife Laura, used the family home to facilitate a cocaine transaction. Pursuant to 21 U.S.C. § 881(h), all right, title, and interest in the property used to facilitate the drug transaction vested in the United States upon Mr. Fuentes' commission of the criminal offense. Laura Fuentes proved that she was an innocent owner of the property, under 21 U.S.C. § 881(a)(7). As Mrs. Fuentes proved she was an innocent owner, the court held that she was entitled to retain ownership in the property to the extent of her interest in the property, under § 881(a)(7).

The court found that before Ramon Fuentes committed any crimes, he and his wife owned the property as tenants by the entirety. With an entireties estate, the husband and wife are seen as one within the marital relationship, and neither spouse could, by his or her unilateral act, alienate, encumber, or forfeit the property. *Parrish v. Swearington*, 379 So.2d 185 (Fla. 1st DCA 1980).

To hold property by the entireties, Florida common law requires five "unities" to be present: the joint owners must be married to each other; the owners must both have title; the owners must have received title from the same conveyance; the owners must share an equal interest; and the owners must have the right to use the entire property. *See Bechtel v. Estate of Bechtel*, 330 So.2d 217, 219 (Fla. 2d DCA 1976). When any of the unities is destroyed, the tenancy by the entirety ceases. *Id.*

The court stated that a crime destroys a tenancy by the entirety. The court held: "Because the government is now in co-possession with the property, the unities of title, time, marriage, and possession are destroyed. Accordingly, the government and Laura Fuentes are deemed to have a one-half interest in the property. The government and Laura Fuentes are co-tenants."

In effect, the court held that Ramon Fuentes' commission of the drug offense severed his interest in the property and allowed his one-half ownership interest to be forfeited to the government. Since Laura Fuentes was an innocent owner, she was entitled to retain her one-half ownership interest in the property.

On appeal to the Eleventh Circuit, Laura Fuentes argued that no portion of property held in tenancy by the entirety by an innocent spouse could be forfeited. Therefore Mrs. Fuentes would be entitled to the whole property and would not have to share the property with the government. The Eleventh Circuit agreed with Mrs. Fuentes and remanded to this court for entry of final judgment in accordance with *United States v. One Single Family Residence*, 894 F.2d 1511 (11th Cir.1990).

In that case, which has substantially similar facts to the case at issue, the Eleventh Circuit explained that if the government shared the property as a tenant in common with the innocent wife, the government would possess the right to freely alienate its half-interest of the property and the right to force partition on the wife. The Eleventh Circuit noted that these rights are far greater than those possessed by the husband, who could alienate and convey his interest only with the consent of and in concert with his wife. 894 F.2d at 1516.

The Eleventh Circuit stated, as this court stated in its final judgment, that everything except the wife's interest is forfeitable under § 881(a)(7).

> Unfortunately for the government, [the wife's] interest encompasses all 'right, title and interest' in the property as all three are indivisible between a husband and wife holding property by the entireties. To forfeit some interest in the property to the government would penalize [the wife] for the wrongdoing of her husband, in which she neither participated nor had any knowledge, and would take her property without due process or just compensation.

894 F.2d at 1516.

Consistent with the opinion of the Eleventh Circuit in *United States v. One Single Family Residence*, 894 F.2d 1511 (11th Cir. 1990), the court ORDERS and ADJUDGES as follows:

1. As a result of Ramon Fuentes' acts, the subject property is potentially forfeitable to the United States under 21 U.S.C. § 881(h).

2. Laura Fuentes has satisfied the innocent ownership defense.

3. Ramon and Laura Fuentes, as husband and wife, own the subject property as tenants by the entirety.

4. Under Florida law, because an entireties estate cannot be forfeited due to the independent criminal conduct of one spouse when the other spouse has not participated in and has no knowledge of the crime, the property is not subject to forfeiture.

DONE and ORDERED.