CAROLYN P. PHILIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Philips v. Commissioner
Docket No. 12532-88
United States Tax Court
T.C. Memo 1991-56; 1991 Tax Ct. Memo LEXIS 71; 61 T.C.M. (CCH) 1883; T.C.M. (RIA) 91056; February 12, 1991, Filed *71 Decision will be entered under Rule 155. Hans G. Tanzler, III, for the petitioner. Steve R. Johnson, for the respondent. KORNER, Judge. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined that petitioner had transferee liability for the following deficiencies in and additions to the Federal income tax of her husband, Benjamin Philips, Jr. (hereinafter sometimes referred to as transferor): Additions to Tax -- Section [1]
Year
Deficiency
6651(a)(1)
6653(a)
1973
$  1,421.77
$  2,829.23
$ 1,035.12
1974
12,028.46
3,007.12
1,063.68
1975
22,256.75
5,564.19
1,572.46
1976
60,576.52
15,144.13
3,028.83
1977
71,080.00
17,770.00
4,091.85
1978
57,116.00
14,314.00
3,355.75
1979
68,749.00
17,187.00
3,899.45
The parties have resolved many of the issues of this *72 case. They agree that disposition of the following issues, which they have phrased in the following manner, will resolve their dispute: [2] (1) Whether, as a matter of law, on the conveyance of the transferor's separate property into entireties status, petitioner was a recipient of property at all, especially since the transferor is not joined in the case, and (2) whether, as a matter of law, the conveyance of property out of entireties status and into the sole ownership of petitioner was the conveyance of property that the Service could have reached in order to satisfy the transferor's unpaid tax liabilities. FINDINGS OF FACT This case was submitted under Rule 122. The stipulation of facts and attached *73 exhibits are incorporated herein by this reference. Petitioner resided in Jacksonville, Florida, when she filed her petition. Petitioner and Benjamin Philips were married at all times relevant to this case. During the years at issue they filed Federal income tax returns on the "married filing separately" basis. The deficiencies and additions at issue relate to Benjamin Philips' returns. His liability for those amounts is not in dispute herein, and such liabilities existed prior to the transfers in question here. Respondent's assertions of transferee liability concern transfers of four properties: (a) a residence; (b) a purchase money note arising from the sale of a medical building; (c) two parcels of commercial real property; and (d) a parcel of vacant land. Each of these properties is located in Jacksonville, Florida. (a) The Residence: The residence was acquired by Benjamin and Carolyn Philips in 1957, as tenants by the entireties. On March 1, 1985, Benjamin transferred his interest in the residence to petitioner by quit-claim deed. (b) The Purchase Money Note: The purchase money note was received in connection with the sale of a medical building. Benjamin Philips *74 owned that building in his individual capacity. On June 30, 1981, he sold his interest therein. In return, the purchasers assumed the indebtedness existing with respect to the building, and signed a purchase money note for $ 100,000 in favor of Benjamin and Carolyn Philips. On December 31, 1984, Benjamin conveyed his interest in the purchase money note to petitioner by an assignment of mortgage. (c) The Commercial Real Property: The commercial real property is divisible into two parcels, one containing a grocery store and the other a service station. Benjamin Philips acquired the grocery store portion in his individual capacity in 1951. On October 27, 1981, he executed a quit-claim deed, conveying this property to himself and petitioner "for the purpose of creating a tenancy by the entireties in the grantees." The service station portion of the commercial property was owned by Benjamin Philips' mother until her death in 1980. The sole beneficiaries under her will were Benjamin Philips and his brother, Edmond. On January 1, 1982, the service station parcel, along with other property, was distributed to Benjamin and Carolyn, and Edmond and his wife by a personal representative's *75 deed. By partition deeds dated January 2, 1982, Benjamin and Carolyn, and Edmond and his wife divided the properties received. Petitioner and Benjamin thereby received the service station parcel, in consideration of their release of interests in other properties. On February 14, 1985, Benjamin transferred his interests in both the grocery store and the gas station properties to petitioner by warranty deed. (d) The Vacant Land: The vacant land was also received by petitioner and Benjamin via the 1982 personal representative and partition deeds. On September 2, 1982, they jointly executed a warranty deed conveying the vacant land to their son, Benjamin Philips III. Each of the transfers at issue took place in the State of Florida. The parties have stipulated that each property, when held by Benjamin and petitioner together, were held as tenants by the entireties. OPINION Transferee liability for Federal taxes owing can arise under either state or Federal law. See sec. 6901(a). Respondent's present determinations invoke the Florida fraudulent conveyance statute, Fla. Stat. Ann. sec. 726.01 (West 1988) (as effective for years before 1988): he argues that each of the above-described *76 properties was fraudulently conveyed. Respondent bears the burden to prove this assertion. Sec. 6902(a). If he carries this burden, respondent may collect amounts of tax owed by the transferor, Benjamin, from his transferee, petitioner, to the extent of the value of the fraudulently conveyed property, plus interest. [3]
Liability under the Florida fraudulent conveyance statute generally requires proof of a variety of elements. See, e.g., United States v. Fernon, 640 F.2d 609, 613 (5th Cir. 1981). However, our task in the present matter has been simplified by the parties' stipulated *77 issues. We construe this stipulation to be the equivalent of a concession by petitioner that, except for the points discussed below, the remaining elements requisite to liability under the Florida statute are present in this case. The issues remaining for decision, applied to the facts of this case, as we have stated, are: (1) Whether, as a matter of law, on the conveyance of the purchase money note, the commercial real property, and the vacant land into entireties status, [4] *78 petitioner was a recipient of property at all, especially since the transferor is not joined in this case, and (2) whether, as a matter of law, the conveyance of the residence out of entireties status and into the sole ownership of petitioner was a conveyance of property that respondent could have reached in order to satisfy the transferor's unpaid tax liabilities. [5]
Issue 1: Conveyances into Entireties
Petitioner attacks respondent's assertion of liability with regard to the properties conveyed into entireties status on two related grounds: (1) that petitioner, in her individual capacity, never received any property interest, and (2) therefore, that the notice of transferee liability served upon her was deficient. These points focus on the nature of the entireties estate, and argue that it is an entity unto itself with substantive and procedural import. Resolution of these intermingled issues requires a preliminary distinction between the roles of state and Federal law in this controversy. It is well-established that state law determines the nature of property interests for purposes of Federal revenue acts. See, e.g., Aquilino v. United States, 363 U.S. 509, 513, 4 L. Ed. 2d 1365, 80 S. Ct. 1277 (1960). We must thus look to state *79 law to determine whether petitioner was a recipient of property. Federal law defines how transferee liability may be asserted. Sec. 6901(a); Commissioner v. Stern, 357 U.S. 39, 42-44, 2 L. Ed. 2d 1126, 78 S. Ct. 1047 (1958). We will thus look to Federal law to assess the notice of liability. Having reviewed the appropriate authorities, we hold that, under Florida law, petitioner received an interest in property when the entireties estates were created: Florida law states that each spouse has an interest in entireties property. The tenancy by the entireties stems from the common law concept of a unity of husband and wife. This unity vests both spouses with possession. See Andrews v. Andrews, 155 Fla. 654, 21 So. 2d 205, 206 (1945). Indeed, a "unity of possession," i.e., that both spouses own and control the whole estate, is one of the characteristics intrinsic to a tenancy by the entireties. See, e.g., Bechtel v. Estate of Bechtel, 330 So. 2d 217, 219 (Fla. Dist. Ct. App. 1976). The fact that one spouse's interest is not wholly independent of the other's does not render that interest a nullity. We therefore dismiss as overly formalistic *80 petitioner's argument that only the entireties estate, as a separate entity, received a property interest. A tenancy by the entireties is not a juridical person, separate from the identities of the tenants themselves. We next address the sufficiency of respondent's notice of transferee liability. Section 6901(a) authorizes respondent to employ such notices when asserting transferee liability. Having found that petitioner was a recipient of property, [6] it follows that the notice sent to her, individually, was not deficient. Petitioner argues against this conclusion by citing Florida law requiring the joinder of both spouses in cases concerning entireties property. See, e.g., Ellis Sarasota Bank and Trust Co. v. Nevins, 409 So. 2d 178, 180 (Fla. Dist. Ct. App. *81 1982). While she admits that this joinder requirement is a rule of state law, petitioner argues that this rule should nonetheless be applied to respondent herein because it is "substantive," not "procedural." See Commissioner v. Stern, 357 U.S. 39 at 42-44, 2 L. Ed. 2d 1126, 78 S. Ct. 1047. We disagree. Section 6901(a) authorizes respondent to enforce liability by the same procedures as a tax deficiency. Issuing a statutory notice to a person determined to have liability is a basic part of that procedure. As the legislative history to the predecessor of section 6901 states: the liability of the transferee is collected in the same manner as the liability for tax. Section 274(a) [predecessor of sections 6212 and 6213] is thus incorporated by reference, but the result of such reference is that for procedural purposes the transferee is treated as a taxpayer would be treated, and under section 274(a) notice would be sent to the transferee (and not the taxpayer) in proceedings to enforce the liability of the transferee. [Conf. Rept. No. 356, 9th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 361, 372).]
To hold otherwise would defeat the simplified procedure the transferee *82 statute was enacted to create. See Commissioner v. Stern, supra.
We therefore hold in favor of respondent on this issue (1). Petitioner received property upon creation of the entireties estates, and her transferee liability was properly asserted. It is the transfer of property, by or at the behest of Benjamin, unencumbered by entireties status, which was the fraudulent conveyance and which section 6901 permits respondent to reach. Bearing in mind the parties' stipulations/concessions, it follows that the transfers of the purchase money note, commercial real property, and vacant land into entireties properties were fraudulent conveyances, and that petitioner, as transferee, is liable for the agreed amounts. Issue 2: Conveyance Out of Entireties
The second issue for decision focuses on petitioner's individual receipt of the residence in 1985, via Benjamin's quit-claim deed. The Philipses previously held the residence by the entireties. It is uncontested that the creation of that estate predated any liability presently at issue, and was not fraudulent. We again look to state law to determine petitioner's "substantive" liability as a transferee. *83 Respondent asserts that the transfer at issue was a fraudulent conveyance; petitioner responds that no such liability arose. We agree with petitioner. A requisite element of a Florida fraudulent conveyance is that the transfer hinder, delay, or prejudice creditors. Ocklawaha River Farms Co. v. Young, 73 Fla. 159, 74 So. 644, 648-649 (1917); Bay View Estates Corp. v. Southerland, 114 Fla. 635, 154 So. 894, 900 (1934), overruled on another issue B.A. Lott, Inc. v. Padgett, 153 Fla. 308, 14 So. 2d 669 (1943). In other words, the transfer must interfere with a creditor's ability to reach property. It thus follows that, had the creditor not been able to reach the property prior to its transfer, no fraudulent conveyance could have occurred. It is petitioner's position that respondent could not have reached the residence had it remained in the entireties estate. We agree. It is an established proposition of Florida law that the creditors of an individual spouse cannot reach property held by the entireties. [7] See, e.g., United States v. Gurley, 415 F.2d 144, 149 *84 (5th Cir. 1969). Respondent therefore could not have reached the residence prior to its transfer, and thus no fraudulent conveyance occurred.
Respondent argues against this conclusion. He states that he could have reached petitioner's interest in the residence before it was transferred out of entireties, and, as a result, it was fraudulently conveyed. In support, respondent cites his tax lien power under section 6321. While acknowledging that cases such as United States v. American National Bank of Jacksonville, 255 F.2d 504 (5th Cir. 1958), specifically hold that one spouse does not have an interest in entireties property to which a Federal tax lien can attach, respondent argues that these *85 cases were "wrongly decided" "old cases" which have been superseded by two recent Supreme Court cases, United States v. National Bank of Commerce, 472 U.S. 713, 86 L. Ed. 2d 565, 105 S. Ct. 2919 (1985), and United States v. Rodgers, 461 U.S. 677, 76 L. Ed. 2d 236, 103 S. Ct. 2132 (1983). We disagree, and find the two cited cases distinguishable because neither one involved entireties property. National Bank of Commerce held that respondent may levy upon a joint bank account for taxes owing by only one co-depositor. Rodgers authorized a District Court to order the sale of a homestead property to satisfy the individual debts of a delinquent taxpayer. What sets these cases apart from the present situation is that in both cited cases the Court did no more than facilitate respondent's ability to reach property in which the taxpayer held an independent interest. See United States v. National Bank of Commerce, 472 U.S. at 723-725; United States v. Rodgers, 461 U.S. at 685-686. In the entireties context, no such independent interest exists. The Supreme Court noted this distinction in a footnote to its Rodgers opinion. 461 U.S. at 702 n. 31.16 We accordingly decline respondent's invitation to construe National Bank of Commerce and Rodgers as having overruled the American National Bank of Jacksonville line of cases. As stated, we hold for petitioner on this issue (2). Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. We have accepted the parties' stipulated issues for decision because they are both factually and legally relevant. We note that the ability of parties to so stipulate issues is not absolute: only in circumstances such as these, where both the facts and law support the framed issues, are such stipulations allowable.↩
3. The parties have agreed by stipulation as to the various amounts owing by petitioner as transferee, dependent upon our resolution of the issues presented. Accordingly, we do not discuss the values transferred. The parties have also stipulated the interest to be paid. We therefore do not discuss the appropriate rate or period of interest. Compare Store v. Commissioner, T.C. Memo 1985-405↩.
4. We note that Florida law allows a spouse to convey real property into a tenancy by the entireties, see Fla. Stat. Ann. sec. 689.11(1) (West 1990), and allows personalty to be held by the entireties as well. See Winters v. Parks, 91 So. 2d 649, 651↩ (Fla. 1956).
5. Any consideration of the conveyances of the purchase money note and commercial real property out of entireties status and into the sole ownership of petitioner is made unnecessary by our disposition of issue (1), infra↩.
6. Once again, we point out that the value of property received is not at issue in this case: the parties have stipulated the dollar amounts of petitioner's transferee liability, depending upon our resolution of the issues for decision.↩
7. An exception to this rule exists with regard to property fraudulently conveyed into entireties. See, e.g., issue (1), supra; Sample v. Natalby, 120 Fla. 161, 162 So. 493 (1935); Whetstone v. Coslick, 117 Fla. 203, 157 So. 666↩ (1934).