WALTER M. STELLE and NORMAN BIE CONSTRUCTION COMPANY, a Corporation, *Appellants*, vs. MINNA H. DENNIS, joined by her husband, C. D. DENNIS, *Appellees*.

140 So. 194.

Division B.

Opinion filed February 29, 1932.

Petition for rehearing denied March 17, 1932.

*Zewadski & Pierce,* for Appellants;

*S. S. Sandford,* for Appellees.

PER CURIAM.—In December, 1930, Beach Park Company conveyed to Norman Bie Construction Company certain real estate including the Beach Park Water Works Plant. Walter M. Stelle representing Norman Bie Construction Company took over the active management of the latter. In July, 1929, Minna H. Dennis, the appellee, instituted a common law action in the Circuit Court of Hillsborough County against Beach Park Company and as a product of said action she secured a final judgment for $7075.32 in March, 1931. Execution was placed in the hands of the sheriff in July 1931 and was returned nulla bona.

This suit was filed in July, 1931, against Beach Park Construction Company, Norman Bie Construction Company, and Walter M. Stelle, for the purpose of setting aside the conveyance by Beach Park Construction Company to Norman Bie Construction Company as fraudulent and subjecting the property attempted to be conveyed by said conveyance to the payment of the judgment secured by appellees in the common law action. On final hearing the Chancellor found the equities in favor of complainant and entered his decree as prayed for in the bill of complaint. This appeal is from that final decree.

The first question presented here is whether or not the evidence shows that the conveyance brought in question

was made fraudulently or with intent to hinder, delay, or defraud the creditors of Beach Park Construction Company.

Section 3864 Revised General Statutes of 1920 (Section 5771 Compiled General Laws of 1927) in effect prescribes that any gift, grant, bargain, sale or other conveyance of lands or goods made, executed, or contrived with the purpose or intent to delay, hinder, or defraud creditors of their debts, accounts, demands, or damages shall be utterly null and void.

This Court has construed the foregoing statute on many occasions and has held that when the legal effect of a conveyance is to defraud creditors, no matter what the actual intention may have been, it is fraud in law. Gibson vs. Love, 4 Fla. 217. We have also held that when a judgment creditor seeks by suit in equity to set aside an alleged fraudulent conveyance and subject the property therein attempted to be conveyed to his judgment, if the judgment debtor had only an equitable title to such property it is necessary to exhaust the legal remedies and have a return of nulla bona upon the execution, before filing such bill in equity, but it is otherwise when the judgment debtor had legal title and fraudulently conveyed the same. The judgment creditor has the right to treat an attempted transfer of property to which the judgment debtor has the legal title as a nullity, and to sell the property so conveyed under execution, as though no transfer by connivance had been made, but the existence of such a remedy at law does not interfere with the right to resort to a court of equity for the vacation of the fraudulent conveyance, as an object in the way of a full enforcement of the judgment, and to remove a cloud on the title to the property. Balsley vs. Union Cypress Co., 92 Fla. 706, 110 So. 263; George E. Sebring Co. vs. O'Rourke, 101 Fla. 885, 134 So. 556;

Holly vs. Gainesville National Bank, 80 Fla. 523, 86 So. 444.

Whether or not a sale or conveyance is infected with the vice of fraud as contemplated by the statute must be determined by the facts in the particular case. In the case at bar it appears that appellee's common law action was instituted prior to the sale by Beach Park Construction Company, that Beach Park Construction Company had other assets than those conveyed to Norman Bie Construction Company, that the watering plant was worn out, run down, and dilapidated, and had mortgages against it aggregating many times its value, that it was giving very poor and unsatisfactory service, that it was conveyed to Norman Bie Construction Company subject to the claims against it, all of which was known to and met the approval of appellee. It is also shown that prior to and subsequent to the conveyance through the effort of Beach Park Civic Association, a local organization composed of appellees, appellants, and others, negotiations were carried on with the City of Tampa with the view of connecting the Beach Water Works with the City of Tampa Water Works, thereby securing better and more efficient service to the patrons of Beach Park. All these facts and others show a course of dealing that was open and known to everybody. We find nothing in record to indicate that the conveyance brought in question was made in fraud, covin, collusion, or guile as condemned by the statute.

It is next contended that appellees by their course of dealing with appellants subsequent to the conveyance have estopped themselves from now asserting its invalidity.

We do not think this contention is sustained. Every debtor is accorded the exercise of a most liberal discretion as to the time and manner of disposing of his property. The mere fact of his insolvency is not a bar to

selling what belongs to him if done without intent to hinder, delay, or defraud creditors.

It follows that the decree of the Chancellor must be and is hereby reversed.

Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

### ON PETITION FOR REHEARING.

PER CURIAM.—The main opinion in this case holds that a certain conveyance from Beach Park Construction Company to Norman Bie Construction Company was not fraudulent. It is not clear on the question of whether or not the property sold to Norman Bie Construction Company was still subject to the common law judgment of appellees, action to recover which was brought prior to but judgment was secured after the sale. This is the only question raised in the petition for rehearing. The record discloses that appellant, Walter M. Stelle, was a director and secretary of Beach Park Construction Company and was president of Norman Bie Construction Company at the time the sale and conveyance were made. In view of this fact and other disclosures by the record we think that Norman Bie Construction Company took the property conveyed to it cum onere and that when prior claims against it have been discharged any balance or equity remaining is subject to the judgment of appellees. Beach vs. Williamson, 78 Fla. 611, 83 So. 860.

Petition for rehearing denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.