James A. Yates v. St. Johns Beach Development Company.

176 So. 422.

Division A.

Opinion Filed October 13, 1937.

412

Harry T. Gray and Robert H. Anderson, for Plaintiff in Error;

George M. Powell, Henry P. Adair, John M. McNatt and Knight, Adair Cooper & Osborne, for Defendant in Error.

TERRELL, J.—The facts in this case are substantially the same as those which precipitated the companion case of

Yates v. Ball, decided this date. In the case at bar, the same plaintiff is attempting to impose a different liability on a different defendant and on a different theory. In Yates v. Ball, the declaration was grounded on an oral agreement more specifically detailed therein while in this case, the defendant is the corporation which Ball (in Yates v. Ball) agreed to create and capitalize for the purpose of taking title to the Atlantic Beach Tract.

In a previous consideration of this case, reported in 122 Fla. 141, 165 So. 384, we affirmed the judgment of the trial court in part and reversed it in part, the net result of our judgment being that as to the second, third, and fourth counts, the declaration stated a cause of action, but the judgment on demurrer was affirmed as to the first count. On remand and pleading anew, the case went to trial on the issue made by the following pleas, viz.: (1) Never promised as alleged, and (2) The special promise declared on was not to be performed within one year and being so, was within the statute of frauds. At the conclusion of plaintiff's testimony, a motion for directed verdict for the defendant was granted. Final judgment was entered and writ of error was prosecuted.

The main questions relied on for reversal are comprehended in the pleas on which the cause went to trial. We will consider first the question of whether or not the defendant assumed and promised to pay the second mortgage bonds when it took title to the Atlantic Beach Tract.

The first count of the declaration imputes an absolute liability to defendant to pay the second mortgage bonds when it became the grantee and took title to the lands. The second, third, and fourth counts adopt the allegations of the first count and in addition thereto allege that the defendant or its promoters in taking title to the Atlantic Beach Tract

agreed to pay the lien of the second mortgage bonds or that they deducted the amount of them from the consideration paid.

We are consequently confronted with the question of whether or not the evidence shows that the defendant by any of these means agreed to assume the obligation of the second mortgage bonds when it took title to the Atlantic Beach Tract. It is admitted that the deed did. not contain an assumption clause, but it is contended by the plaintiff that the obligation to pay them was assumed by implication from the facts and circumstances attending the transfer.

The facts relied on to establish an assumption agreement are that the deed to defendant stated that they were free of all encumbrances except the lien of the second mortgage bonds which was duly recorded and of which defendant had notice. It is further shown that after taking title, the defendant paid interest on the bonds and in other respects complied with his contract.

This Court is committed to the doctrine that the grantee of encumbered land may by express, implied, or parol agreement assume or pay the mortgage indebtedness on the property as part of the consideration for the conveyance and that such agreements may be enforced in law or equity. Alabama-Florida Co. v. Mays, 111 Fla. 100, 149 So. 61; Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 So. 135; Yates v. St. Johns Beach Development Company, *supra*.

Assumption agreements, whether express, implied, or parol must be established by clear and convincing proof. They will not be inferred from the fact that the grantee had knowledge of the encumbrance on which they are based, neither will they be supported by the fact that the grantee took title to the premises, exercised dominion over it, and.

paid taxes and interest on the lands in the absence of a showing that at the time the transfer was made or subsequently he agreed to do so.

Much is contained in the brief of plaintiff in error to the effect that defendant, St. Johns Beach Development Company was merely the *alter ego* of Ball, who was using it merely as a cloak to avoid personal liability on the alleged agreement.

This Court has repeatedly held that it will not hesitate to "pierce the veil of the corporate fiction" when it is shown that the corporation was organized and is being used by the incoporators and stockholders to avoid personal liability, but we fail to find facts in this case to show that this was being done. So far as the record discloses, everything pertaining to the organization of the corporation, the taking of title to the lands, the payment of taxes thereon and interest on the second mortgage bonds was done in good faith. We find nothing on which fraud could be imputed to the incorporators of defendant. Neither can we say that the trial court erred in holding that the evidence failed to show that defendant assumed the obligation of the second mortgage bonds.

Having reached this conclusion, it becomes unnecessary to discuss in this case the question of whether or not the alleged assumption agreement was within the statute of frauds. Suffice it to say that the law on that subject as to the main question in the companion case of Yates v. Ball, *supra,* was fully discussed therein. The rule as there applied would be applicable in this case. Other assignments have been examined, but we find no reversible error, so the judgment below is affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.