191 So.2d 87 (1966)
J. William TIERNAN and Carl G. Gezelschap, Appellants,
v.
Florence C. SHELDON, Appellee.
No. 193.
District Court of Appeal of Florida. Fourth District.
October 3, 1966.
Rehearing Denied November 9, 1966.
C. Robert Burns, of Burns, Middleton, Rogers & Farrell, Palm Beach, for appellant-Tiernan.
Charles Byron, Delray Beach, and John Paul and Grover C. Herring, of Warwick, Paul & Herring, West Palm Beach, for appellee.
RAWLS, JOHN S., Associate Judge.
This is the second appeal of this cause. The previous decision rendered by the *88 Second District Court of Appeal is reported in 147 So.2d 167 and sets out in detail the facts. This controversy between the parties arose out of a 99-year lease of certain property owned by Appellee-Sheldon and leased to Appellant-Tiernan and his silent partner, Gezelschap.
This lease required the lessee to (a) pay annual rental in the sum of $7,000.00, (b) pay the taxes, (c) construct on the leased property a building at a cost of not less than $175,000.00 commencing no later than January 31, 1961, and (d) pay court costs and attorney's fees incurred by the lessor in the event of lessee's default. Tiernan, the lessee, paid the rent for 1959 and 1960 and the taxes for the year 1959. The 1961 rent due January 1, 1961, and the city taxes were not paid. Tiernan immediately assigned the lease to East Atlantic, a corporation he had caused to be formed on February 20, 1961. It is this assignment which is the principal subject of the controversy between the parties. The lessor claims that the corporation was the alter ego of Tiernan and his silent partner, Appellant-Gezelschap, so the assignment amounted to nothing more than a transfer to themselves. The lessee contends that by the terms of the lease the same was freely assignable, that the formation of a corporation to escape future accruing obligations is not fraud, and thus, the chancellor erred in piercing the corporate veil.
In his first consideration of this cause, the chancellor entered a summary decree in favor of the lessee by which he construed Article X (c) of the lease to relieve the lessee of all liability which had previously accrued as well as all future liability by reason of the assignment of the lease to East Atlantic Corporation. The appellate court in reversing the chancellor's summary decree held inter alia that, "We are not in accord with [the chancellor's] * * interpretation insofar as it relates to the lessee's accrued liability to the lessor; nor can we agree with the implication that, assuming a valid assignment to the corporation, the corporation would not be liable for accrued defaults under the lease."
Upon remand the chancellor took extensive testimony, and in his decree found that Tiernan and Gezelschap (and Gezelschap's secretary who was issued one share) formed East Atlantic Corporation on February 20, 1961, the date the certificate of incorporation was filed with the Secretary of State, and on February 28, 1961,[1] Tiernan executed an agreement which purported to assign the lease to East Atlantic with the assignee assuming all the obligations thereof. The chancellor then noted that the corporation was not adequately capitalized to assume the obligations required to be performed by the lease covenants; that it failed to file annual reports due July 1, 1961, 1962, 1963 and 1964, and had failed to pay its corporate capital stock tax for said years; and the issues raised were "* * * whether or not there was any illegality in connection with the Assignment of Lease, the damages for breach of lease, and who was liable for such breach." After enumerating the foregoing factors, the chancellor found:
"* * * that [the] two individual defendants breached said lease, formed said corporation to escape personal obligation under the lease, and that the defendants have not paid the capital stock tax of the defendant corporation, nor filed annual reports, as required by law, for four years; that they had no intention of causing the defendant corporation to function, other than as a dumping ground for the lease; that the corporation is a fiction and, under the facts and circumstances of this case, is the `alter ego' of the individual defendants. The Court holds that the Assignment of the Lease to the corporation is void, being an Assignment by the individual defendants to themselves."
The chancellor's final decree held Tiernan and Gezelschap personally liable for annual rent of $7,000.00 together with interest *89 at eight percent for the years 1961, 1962, 1963 and 1964 and for taxes during the same period. He further found that damages claimed by plaintiff for failure to erect a building were speculative and not proven and that attorney's fees are not recoverable by reason of the contingent fee contract. Tiernan and Gezelschap question that portion of the chancellor's decree finding them personally liable for rent subsequent to the assignment of the lease on February 28, 1961, to East Atlantic Corporation. Appellee-Sheldon contends that the chancellor erred by not requiring appellants to pay attorney's fees as provided in the lease agreement and by not awarding damages claimed for appellants' failure to erect a building as provided in said lease. We affirm the chancellor's conclusions as to the speculative nature of damages for lessee's failure to start construction.
Florida decisions uniformly hold that courts will look through the screen of corporate entity to the individuals who compose it in cases in which the corporation was a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose,[2] or where the corporation was employed by the stockholders for fraudulent or misleading purposes,[3] was organized or used to mislead creditors or to perpetuate a fraud upon them,[4] or to evade existing personal liability.[5]
In the case sub judice, what is the illegal purpose? Where does the fraud exist? How were creditors mislead?
The corporation was duly and properly formed. On February 20, 1961, East Atlantic Corporation was a legal entity and pursuant to the laws of Florida was entitled to transact business. The subject lease was duly and properly assigned to East Atlantic in accordance with the contract between the parties. The parties agreed that upon assignment "* * * the transferor or assignor shall be thenceforth released from any liability hereunder." (Emphasis added.) The lessor did not reserve unto herself any vestige of control as to an assignment, nor did she impose any conditions of financial responsibility as to a potential assignee of said lease, but to the contrary she agreed, "This lease is freely assignable * * *." By the terms of the contract the lessee could have assigned the lease to any sui juris indigent and freed himself of any future liability. An assignment to a corporate entity under these circumstances did not constitute a fraud upon anyone. This carefully worded thirty-four page lease fully expressed the agreement of the parties. Courts can and will set aside fraudulent schemes perpetrated upon innocent parties, but it is not a proper judicial function to relieve one from the consequences of a bad bargain. As stated in the prior opinion,[6] "* * * such liberal privilege of assignment would seem to be highly improvident from the standpoint of the lessor; but in the absence of fraud or other illegality the provision is valid. It may be construed but not evaded."
Great emphasis was placed by the chancellor upon the manner of conducting the affairs of East Atlantic Corporation subsequent to the date of the valid assignment of the subject lease. By reason of the *90 quoted provisions of said lease, the rights of the parties were fixed on February 20, 1961, and the facts relating to the corporation's affairs subsequent thereto were immaterial.
We next consider appellee's cross assignment of error pertaining to attorney's fees. Paragraph G, page 25, of the lease provides:
"If at any time by reason of the failure of the Lessee to keep and perform any covenant or agreement which under the terms of this lease the Lessee is bound and obligated to keep and perform, it becomes necessary for the Lessor to employ an attorney at law to protect the rights and interests of the Lessor in the property demised or to enforce the lease or proceed under it in any particular, then, in any of such events, the Lessee will owe and will pay unto the Lessor all costs of court and reasonable attorney's fees incurred or expended by the Lessor in taking such actions."
By the quoted provision of the lease instrument, the lessee agreed to pay reasonable attorney's fees incurred by lessor. The lessee failed to keep and perform certain terms of this lease prior to his assignment, and it became necessary for the lessor to employ an attorney to protect her rights. Although the lessee is not bound to pay a contingent fee, he is bound to pay a reasonable attorney's fee for the services of lessor's attorney in the trial of that cause for which lessor was successful. Therefore, in awarding attorney's fees the chancellor should take into consideration services rendered by appellee's attorney on the following occasions:
1. The two trials of this cause relative to appellants' personal liability for defaults in failing to perform the covenants of the lease prior to February 20, 1961.
2. Appellee's success in the prior appeal, and
3. That portion of the instant appeal which pertains to attorney's fees.
That portion of the chancellor's decree finding appellants personally liable for rent, interest and taxes subsequent to February 28, 1961, and the provisions of said decree finding appellants not liable for appellee's attorney's fee is reversed; otherwise, the decree is affirmed.
Affirmed, in part, and reversed, in part, with directions for further proceedings in accordance with this opinion.
ANDREWS, Acting C.J., and WALDEN, J., concur.
NOTES
[1] The record shows this date to be February 20, 1961.
[2] Mayer v. Eastwood, Smith & Co., 1935, 122 Fla. 34, 43, 164 So. 684, 687.
[3] Advertects, Inc. v. Sawyer Industries, Fla. 1955, 84 So.2d 21, 23.
[4] Riley v. Fatt, Fla. 1950, 42 So.2d 769, 773.
[5] Bellaire Securities Corporation v. Brown, 1936, 124 Fla. 47, 68, 168 So. 625, 633.
[6] Sheldon v. Tiernan, Fla.App. 1962, 147 So.2d 167, 168. See also Ramey v. Koons, 5 C.A. 1956, 230 F.2d 802, 805, a case almost factually identical to this one, which held that the Florida parol evidence rule prevented the landlord from showing that he agreed to an assignment and release clause in the lease only because the lessee represented that the assignee would be a responsible corporation with substantial assets.