VICTORIA SABA, TRANSFEREE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Saba v. Commissioner
Docket No. 6448-77.
United States Tax Court
T.C. Memo 1979-397; 1979 Tax Ct. Memo LEXIS 134; 39 T.C.M. (CCH) 242; T.C.M. (RIA) 79397; September 24, 1979, Filed W. Robert Abramitis, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed January 23, 1979, pursuant to Rule 121, Tax Court Rules of Practice and Procedure. There was no appearance by or on behalf of petitioner at the hearing on March 20, 1979, in Miami, Florida. Petitioner is transferee of assets of Mrs. Ilda Danzig, her sister, and a statutory notice of liability for $29,900 was issued to petitioner pursuant to section 6901[1] and section 6501. The petition herein was filed on June 23, 1977, and at that time petitioner *136 resided in Boca Raton, Florida. On July 28, 1977, a request for place of trial was filed by petitioner. However, since that time, petitioner has made no effort to contact the Court. In his answer or August 23, 1977, respondent set forth certain material allegations of fact. Pursuant to Rule 37(c), Tax Court Rules of Practice and Procedure, respondent made a motion for the entry of an order that the undenied allegations in the answer be deemed admitted by petitioner. The motion was calendared for hearing on December 14, 1977 at the motions session in Washington, D.C. When the notice of the hearing and a copy of respondent's motion addressed to petitioner at her Boca Raton, Florida, address were returned by the United States Postal Service to the Court unclaimed, the respondent's motion was continued from December 14, 1977 to the January 25, 1978, motions session in Washigton, D.C. On December 14, 1977, it was ordered that a copy of the notice of the prior hearing, respondent's motion, and the Court's order be served upon petitioner both by certified mail and by *137 regular mail. A hearing was subsequently held on January 25, 1978, in Washington, D.C., and no appearance was made by or on behalf of petitioner. Pursuant to an order dated January 25, 1978, the hearing on respondent's motion was continued to April 12, 1978, and, again, a copy of the motion and all pertinent orders were ordered to be served upon petitioner by certified and regular mail. On April 12, 1978, there was a hearing in Washington, D.C., and again there was no appearance by or on behalf of petitioner, nor was there any response from petitioner. Respondent's motion was therepon granted, and the undenied allegations of fact in respondent's answer were deemed admitted pursuant to Rule 37(c), Tax Court Rules of Practice and Procedure.
On September 20, 1978, pursuant to Rule 90, Tax Court Rules of Practice and Procedure, respondent served on petitioner, by mailing to her last known address, a Request for Admissions, and filed the Request with the Court on September 21, 1978. Petitioner filed no response and pursuant to Rule 90(c), each matter encompassed by the admissions is deemed admitted. On January 23, 1979, respondent filed a Motion for Summary Judgment, pursuant *138 to Rule 121, Tax Court Rules of Practice and Procedure, on the basis that no material issue of fact in regard to any of the issues of this case remained. The hearing on respondent's Motion for Summary Judgment was held on March 20, 1979, in Miami, Florida, and no appearance was made by or on behalf of petitioner. The issue for our decision is whether respondent's motion should be granted. Rule 121(b), Tax Court Rules of Practice and Procedure, provides that a decision shall be entered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptabe materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 21(b), Tax Court Rules of Practice and Procedure, provides that service of papers may be made by mail directed to the party or his counsel at his last known address, and that service by mail is complete upon mailing. We find that all papers to petitioner *139 were properly served within the meaning of Rule 21(b), Tax Court Rules of Practice and Procedure.
Section 6901[2] provides for the assessment and collection of taxes from the transferee of the taxpayer who incurred the tax liability. Section 6901(h) defines a transferee as follows: *140 As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee, and with respect to estate taxes, also includes any person who, under section 6324(a)(2), is personally liable for any part of such tax. A transferee has been judicially defined as one who takes the property of another without full, fair and adequate consideration to the prejudice of the rights of creditors. First National Bank of Chicago v. Commissioner, 255 F. 2d 759 (7th Cir. 1958). See also 9 Mertens, Law of Federal Income Taxation, section 53.10 (rev. 1977). Pursuant to section 6901, to hold a person liable for another taxpayer's delinquent taxes, the following elements must be shown: (1) There must be a transfer of assets having value to the transferee from the original taxpayer or some preceding transferee; (2) the transfer of assets must have left the transferor insolvent (the Commissioner must prove that the transferor was insolvent at the time of the transfer or made insolvent by the transfer); (3) the transfer must have been made during or after *141 the period to which the tax in question applies; (4) the transferor must have been liable for the tax; (5) all reasonable efforts must have been made to collect the tax liability from the taxpayer before the proceeding against the transferee is commenced; and (6) the proceeding against the transferee must have begun within the applicable period specified in the statute of limitations (section 6902). 9 Mertens, Law of Federal Income Taxation, section 53.06 (rev. 1977). Under section 6902, [3] respondent has the burden of proof herein. Based on the following deemed admissions, we find that respondent has proven all the material elements required under section 6901 to establish that petitioner is liable as a transferee of property of Ilda Danzig. Ilda Danzig, the transferor, *142 is an individual presently residing outside the United States. During the taxable year 1969, she was a cash basis taxpayer employed by Globe Security Systems, Inc. (Globe). During the taxable year 1969, the transferor received taxable income in the amount of $79,429.57 which was not reported on her income tax return for that year. This amount represents funds embezzled from Globe. On January 11, 1968, a judgment was filed against the transferor in Philadelphia County, Pennsylvania in the amount of $14,000. This judgment was rendered by the Court of Common Pleas, January 1968 term. On October 7, 1970, the transferor was served by the Hartford Accident and Indemnity Company, Globe's bonding company, with a complaint of charges, and on May 1, 1972, a judgment was filed against the transferor in Philadelphia County, Pennsylvania, in the amount of $80,819.60. This judgment was rendered by the Court of Common Pleas, May 1972 term. On October 12, 1970, the transferor, Ilda Danzig, petitioner's sister, transferred by warranty deed real property in Hernando County, Florida (1109 Harcross Court, Spring Hill, Florida), which deed was recorded on April 11, 1972. This transfer was made *143 by Ilda Danzig without any consideration from petitioner. At the time of this transfer, the fair market value of the property transferred by the transferor to the petitioner was $29,900, and there was an unpaid deficiency in income taxes in the amount of $31,940.03, plus statutory interest thereon, due from the transferor for the taxable year 1969. By reason of the transfer to petitioner of the real property, the transferor was rendered and is insolvent and is without assets with which to pay the deficiency in income tax, due from her for the taxable year 1969, plus statutory interest thereon. By reason of the transfer of the asset to petitioner, the petitioner became, and is, a transferee of the assets within the meaning of section 6901 and Fla. Stat. Ann., Title 40, sections 726.01 and 726.07 (1969), [4] and, as such, is liable to the extent of the fair market value of the asset received ($29,900) for the deficiencies in income tax due from the transferor and for interest as provided by law. *144 Finally, this transfer of property was made with the intent to hinder, delay, or defraud creditors, and the transfer has so hindered and delayed the Internal Revenue Service from collecting Federal income tax and interest thereon due from the transferor. Fla. Stat. Ann., section 726.01, supra.
In addition, we find that the statute of limitations provisions of section 6901(c)(1) and section 6501(e)(1)(A) have been met: (1) The transferor's income tax return for the taxable year 1969 was filed on or before April 15, 1970. (2) The amount of the gross income stated in the income tax return filed by the transferor, Ilda Danzig, for the taxable year 1969 was $,,289.69, consisted of the following: Wages or salary
$7,932.69
Pension or annuity
357.00
Total
$8,289.69
(3) In addition to the above amounts, the transferor received during the taxable year 1969, the amount of $79,429.57 from Globe which was not included in the gross income stated in the return filed by the transferor for that year, and it was not disclosed on the return that this amount was received during that year. (4) Further, the $79,429.57 obtained from Globe by the transferor during 1969 *145 is properly includable in gross income for the taxable year 1969 as embezzlement income, and it is in excess of 25 percent of the gross income stated in that return. Section 6501(e)(1)(A). (5) The statutory notice determining liability for income tax, plus interest as provided by law, against petitioner for taxable year 1969 as transferee of the assets of transferor, Ilda Danzig, was sent to petitioner by certified mail on March 25, 1977, which date was prior to the expiration of the seven year period of limitations applicable under section 6501(e)(1)(A) and section 6901(c)(1). On the basis of the preceding, all of the requirements for finding petitioner's tax liability as the transferee of property have been met by respondent, and thus there is now "no genuine issue as to any material fact." Rule 121, Tax Court Rules of Practice and Procedure.
Accordingly, respondent's motion is granted and, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 6901. TRANSFERRED ASSETS. (a) Method of Collection.--The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred: (1) Income, estate and gift taxes.-- (A) Transferees.--The liability, at law or in equity, of a transferee of property-- (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes), * * * (b) Liability.--Any liability referred to in subsection (a) may be either as to the amount of tax shown on a return or as to any deficiency or underpayment of any tax. (c) Period of Limitations.--The period of limitations for assessment of any such liability of a transferee or a fiduciary shall be as follows: (1) Initial transferee.--In the case of the liability of an initial transferee, within 1 year after the expiration of the period of limitation for assessment against the transferor; (2) Transferee of transferee.--In the case of the liability of a transferee of a transferee, within 1 year after the expiration of the period of limitation for assessment against the preceding transferee, but not more than 3 years after the expiration of the period of limitation for assessment against the initial transferor; except that if, before the expiration of the period of limitation for the assessment of the liability of the transferee, a court proceeding for the collection of the tax or liability in respect thereof has been begun against the initial transferor or the last preceding transferee, respectively, then the period of limitation for assessment of the liability of the transferee shall expire 1 year after the return of execution in the court proceeding. * * * (g) Address for Notice of Liability↩.--In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, any notice of liability enforceable under this section required to be mailed to such person, shall, if mailed to the person subject to the liability at his last known address, be sufficient for purposes of this title, even if such person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.
3. SEC. 6902. PROVISIONS OF SPECIAL APPLICATION TO TRANSFEREES. (a) Burden of Proof↩.--In proceedings before the Tax Court the burden of proof shall be upon the Secretary to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.
4. Secs. 726.01 and 726.07 of the Fla. Stat. Ann. provide: 726.01 Fraudulent conveyances void
Every feoffment, gift, grant, alienation, bargain, sale, conveyance, transfer and assignment of lands, tenements, hereditaments, and of goods and chattels, or any of them, or any lease, rent, use, common or other profit, benefit or charge whatever out of lands, tenements, hereditaments or goods and chattels, or any of them, by writing or otherwise, and every bond, note, contract, suit, judgment and execution which shall at any time hereafter be had, made or executed, contrived or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties or forfeitures, shall be from henceforth as against the person or persons, or bodies politic or corporate, his, her or their successors, executors, administrators and assigns, and every one of them so intended to be delayed, hindered or defrauded, deemed, held, adjudged and taken to be utterly void, frustrate and of none effect, any pretense, color, feigned consideration, expressing of use or any other matter or thing to the contrary notwithstanding; provided, that this section, or anything therein contained, shall not extend to any estate or interest in lands, tenements, hereditaments, leases, rents, uses, commons, profits, goods or chattels which shall be had, made, conveyed or assured if such estate shall be, upon good consideration and bona fide, lawfully conveyed or assured to any person or persons, or body politic or corporate, not having at the time of such conveyance or assurance to them made any manner of notice or knowledge of such covin, fraud or collusion as aforesaid, anything in this section to the contrary not-withstanding. 726.07 Fraudulent conveyance void against subsequent purchasers
Every feoffment, deed, conveyance, mortgage, grant, charge, lease, transfer, assignment, estate, encumbrance, interest, and limitation of use or uses of, in or out of any lands, tenements or other hereditaments whatsoever, which shall at any time hereafter be had, made, executed or contrived for the intent and purpose of defrauding and deceiving such person or persons, bodies politic or corporate, as shall afterward purchase the same lands, tenements and hereditaments, or any part thereof, or any estate, interest, rent, property, right or commodity, in, to or out of the same, or any part thereof, so formerly conveyed, granted, leased, charged, transferred, assigned, encumbered or limited in use, shall be deemed, adjudged, taken and held as against the person or persons, bodies politic or corporate, their heirs, successors, executors, administrators and assigns, and against all and every person and persons lawfully having or claiming by, from, through or under them, or any of them who shall have so purchased for money or other good consideration the same lands, tenements or hereditaments, or any part thereof, or any estate, right, interest, profit, benefit or commodity, in, to or out of the same, to be utterly void, frustrate and of none effect, any pretense, feigned consideration or expressing of use or uses to the contrary notwithstanding; provided, that nothing in this section contained shall extend or be construed to impeach, make void or frsustrate any conveyance, assignment or lease, assurance, grant, charge, lease, estate, interest or limitation, or use or uses of, in, to or out of any lands, tenements or hereditaments, which shall be made upon and for good consideration and bona fide, to any person or persons, bodies politic or corporate, anything in this section to he contrary notwithstanding. See also Stelle v. Dennis, 104 Fla. 384, 140 So. 194 (1932). which holds that a conveyance is fraudulent when its legal effect is to defraud creditors, irrespective of what the actual intention may have been, and United States v. Ressler, 433 F. Supp↩. 459 (S.D.Fla. 1977).