10 B.R. 420 (1981)
In the Matter of Richard FLANZBAUM, Debtor.
Herbert FREEHLING, Trustee, Plaintiff,
v.
SUERICH ENTERPRISES, INC., a Florida Corporation, Ronald A. Fisher, Steven L. Chapman, Benjamin Fabiszewski, and Cecelia Fabiszewski, his wife, and Julie De Filippis, Defendants.
Bankruptcy No. 80-00920-BKC-SMW, Adv. No. 80-0346-BKC-SMW-A.
United States Bankruptcy Court, S.D. Florida.
April 9, 1981.
*421 Chad P. Pugatch, Fort Lauderdale, Fla., for plaintiff.
Herbert S. Freehling, trustee.
Samuel Sheres, Hollywood, Fla., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
SIDNEY M. WEAVER, Bankruptcy Judge.
THIS CAUSE coming on to be heard upon an adversary proceeding commenced pursuant to Part VII of the Interim Bankruptcy Rules and 11 U.S.C. § 544(b) for avoidance of transfers of property of the Debtor and recovery thereof, by Herbert S. Freehling, as the Trustee in Bankruptcy for Richard Flanzbaum. The action was commenced in four (4) Counts. Count II involving Defendants, Benjamin Fabiszewski and Cecelia Fabiszewski, his wife, and Julie De Filippis, was settled prior to the trial herein. The Plaintiff, Trustee, has been unable to obtain service of process on the Defendant, Steven L. Chapman, against whom Count IV was framed. The case then proceeded to trial on Counts I and III, directed toward Defendants, Suerich Enterprises, Inc., and Ronald A. Fisher respectively. The Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and, being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:
In Count I of the Complaint the Trustee seeks to recover certain real property or the proceeds thereof, transferred by the Debtor to the Defendant, Suerich Enterprises, Inc., in violation of Fla.Stat. § 726.01, or in the alternative, to have the assets of Defendant, Suerich Enterprises, Inc., applied as assets passing to the Trustee through the estate of Richard Flanzbaum on the theory that Suerich Enterprises, Inc., is the alter ego of Richard Flanzbaum requiring this Court to pierce the corporate veil.
In Count III of the Complaint the Trustee seeks a money judgment against Defendant, Ronald A. Fisher, to recover the proceeds of certain alleged fraudulent mortgages utilized to deplete the assets of Suerich Enterprises, Inc.
At the outset, it should be pointed out that the Defendants have admitted the allegations of Paragraph three (3) of the Plaintiff's Complaint stating that "at all times material hereto there have been one or more creditors of the Debtor herein, holding unsecured claims allowable under § 502 of Title 11 of the U.S. Code." The Trustee further presented ample evidence at trial of the existence of such creditors which remained uncontroverted by the Defendants.
In early 1978, the Debtor, Richard Flanzbaum, was the principal stockholder of two closely held corporations, known as Treasure Coast Builders, Inc. and Landpower Investments, Inc., f/k/a Landmark Investments of Broward, Inc. Landmark was the owner of thirteen (13), separate lots of real property located in St. Lucie County, Florida, as well as the record title holder of the condominium in which the Debtor, Richard *422 Flanzbaum, resided, known as Apartment B-2 La Entrada del Mar, and further held title to Mr. Flanzbaum's automobile.
In March of 1978, Richard Flanzbaum entered into a stock purchase agreement with one Dennis Trachsel, which involved the purchase of stock interests in both Treasure Coast Builders, Inc. and Landmark Investments of Broward, Inc. As a result of this agreement, the Debtor, Richard Flanzbaum, formed a new corporation, Suerich Enterprises, Inc., of which he was the sole stockholder, officer and director. Mr. Flanzbaum, at a time when he was clearly indebted within the meaning of Fla. Stat. § 726.01, having substantial unpaid creditors, transferred, without any consideration whatsoever, the above said thirteen, (13), lots of real property, as well as the above said condominium residence, Apartment B-2 La Entrada del Mar, and his automobile to Suerich Enterprises, Inc.
At a time subsequent to the above said transfers of property to Suerich Enterprises, Inc., the Debtor, Richard Flanzbaum, caused his stock in Suerich Enterprises, Inc. to be transferred back to the corporation, and caused the issuance of seventy-five hundred (7,500), shares of stock, representing one hundred percent, (100%), of the issued and outstanding stock of Suerich Enterprises, Inc., to be issued to the Defendant, Ronald A. Fisher. This transaction was apparently in satisfaction of a loan of twenty-five thousand and 00/100 dollars, ($25,000.00) made by the Defendant's brother, Randall Fisher, to the Debtor, Richard Flanzbaum, with funds of the Defendant, Ronald A. Fisher.
Subsequent to the transfer of stock to Defendant, Ronald A. Fisher, he has had virtually no participation in the management or decision making process of the corporation. Control of the corporation was left solely in the hands of the Debtor, Richard Flanzbaum, who ran the corporation and conducted business as he pleased, even remaining as sole officer of the corporation until April, 1979, when, due to obvious creditor problems, he resigned as President of Suerich Enterprises, Inc. in favor of his former son-in-law, Charles Kowanetz.
Even after Mr. Kowanetz assumed the presidency of the corporation, Richard Flanzbaum was actively involved in the management and business affairs of the corporation, continuing to keep the books. Testimony establishes that Mr. Kowanetz maintained the practice of signing checks in blank for delivery to Mr. Flanzbaum. The only other person with check signing ability for the corporation during this period of time, Barbara Ash, was a close personal friend of Richard Flanzbaum and engaged in the same practice of issuing blank signed checks to him.
Defendant, Ronald A. Fisher, attended to none of the corporate formalities required by Florida law and, in fact, it is apparent that after April, 1979 time period, these corporate formalities were not maintained. He had no access to the checkbook or bank accounts of the corporation, took no part in the preparation or review of tax returns or other financial statements; and virtually had no idea of the financial condition of the corporation or appreciation for any of the details of property to which the corporation had title.
In fact, during this entire time period, although substantial profits and income were being generated through the corporation he took no money out of the corporation. The Debtor, Richard Flanzbaum, during this time period, along with members of his immediate family, derived substantial economic benefit from the corporation. Bank records of the corporation's accounts during this time period establish that many thousands of dollars were taken out of the corporation by Richard Flanzbaum or his family members for payment of charge accounts, medical expenses, car repairs, mortgage payments on property owned by Flanzbaum, and a variety of other personal expenses.
In addition, the Condominium Apartment B-2 La Entrada del Mar was sold by Suerich Enterprises, Inc. in September of 1979. The net proceeds of over eighteen thousand and 00/100 dollars, ($18,000.00), received into Suerich Enterprises, Inc. were then *423 distributed out to the Debtor, Richard Flanzbaum, or on his behalf with the corporation realizing none of the benefit therefrom.
The overwhelming weight of the evidence presented at trial establishes that the Defendant, Suerich Enterprises, Inc. was run, even after the transfer of stock to the Defendant, Ronald A. Fisher, by Richard Flanzbaum for the benefit of Richard Flanzbaum, with the Defendant, Ronald A. Fisher, being virtually ignorant of the entire situation. Clear manifestation of this is apparent from the evidence presented in support of Count III of the Trustee's Complaint. On two separate occasions funds of Suerich Enterprises, Inc. were utilized to fund mortgages on property of Treasure Coast Builders, Inc. resulting in a funneling of monies out of that corporation for the benefit of Richard Flanzbaum. In one instance, the funding of the mortgages was accomplished through the purchase of a cashier's check by Richard Flanzbaum, in the name of Ronald A. Fisher, with Suerich Enterprises, Inc. funds. In the other instance, Richard Flanzbaum endorsed Defendant, Ronald A. Fisher's name to the back of a check issued by Suerich Enterprises, Inc. to Ronald A. Fisher. In each case, the Defendant, Ronald A. Fisher, realized none of the proceeds and apparently had no actual knowledge of the transactions. While the Court finds the Trustee's evidence concerning Count III of the Complaint insufficient to carry the burden of proof as to the fraud of Defendant, Ronald A. Fisher, the evidence clearly points up the reality of the situation and supports the allegations of Count I of the Trustee's Complaint.
The Defendant, Fisher's lack of knowledge or willing participation will not preclude the clear effect of these transactions as part of the Debtor, Flanzbaum's, fraudulent scheme. Logan v. Logan, 22 Fla. 561, 1 Am.St.Rep. 212 (1886). J.I. Kelley Company v. Pollock & Bernheimer, 57 Fla. 459, 49 So. 934 (1909).
Fla.Stat. § 726.01 provides in applicable part:
"Every feoffment, gift, grant, alienation, bargain, sale, conveyance, transfer and assignment of lands, tenements, hereditaments, and of goods and chattels, or any of them . . . which shall at any time hereafter be had, made or executed, contrived or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder, or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties or forfeitures, shall be from henceforth as against the person or persons, or bodies politic or corporate, his, her or their successors, executors, administrators and assigns, and every one of them so intended to be delayed, hindered or defrauded, deemed, held, adjudged and taken to be utterly void, frustrate and of none effect, . . . "
The Court must first consider the initial transfer of property, without consideration, by the Debtor, Richard Flanzbaum, to Suerich Enterprises, Inc. It has long been the law of the State of Florida that when the legal effect of a conveyance is to delay, hinder or defraud creditors, no matter what the actual intention may have been, it is fraud in law and the Courts are bound to so declare. Gibson v. Love, 4 Fla. 217 (1851). Stelle & Bie Construction Company v. Dennis, 104 Fla. 384, 140 So. 194 (1932). Thus, where the result is to hinder, delay or defraud creditors, the real motive of the parties is immaterial. McKeown v. Allen, 37 Fla. 490, 20 So. 556 (1896). Weathersbee v. Dekle, 107 Fla. 517, 145 So. 198 (1933). The Trustee has adequately established the indebtedness of the Debtor, Flanzbaum. See, Ostend Realty Company v. Biscayne Realty & Insurance Company, 99 Fla. 1221, 128 So. 643 (1930). Almost all of the recognized badges of fraud are present. Based upon the above standard it is clear that the transfer of property by the Debtor to his wholly owned and controlled corporation, Suerich Enterprises, Inc., is in violation of Fla.Stat. § 726.01, for which the Trustee is entitled to recover pursuant to 11 U.S.C. § 544(b). As has been clearly stated:

*424 "A very usual form of fraudulent conveyance consists of the shifting of the assets of the Debtor to a corporation frequently formed for that specific purpose, by which means the only assets from which creditors could expect to be paid are placed beyond reach of their process."
15 Fla.Jur., Fraudulent Conveyances § 24.
The Defendants contend that the transfer of Suerich Enterprises, Inc. stock to Defendant, Ronald A. Fisher, based upon the twenty-five thousand and 00/100 dollar loan defeats the application of Fla.Stat. § 726.01. However, the Defendant took the stock of Suerich Enterprises, Inc. already tainted by the fraudulent conveyance as aforesaid, and thus could acquire no right in that corporation which would not be subject to the Trustee's right of recovery. The transfer of control of the corporation from the Debtor, Richard Flanzbaum, with his subsequent maintenance of control, as set forth above, only further points up the need to set this conveyance aside. Some of the original properties having been sold by the Defendant, Suerich Enterprises, Inc. and having been replaced with new properties, the Trustee is entitled to recovery of all existing properties of Suerich Enterprises, Inc. as assets of this estate.
As demonstrated by the evidence presented at trial, the events occurring subsequent to the transfer of Suerich Enterprises, Inc. stock to Defendant, Ronald A. Fisher, do nothing to help the Defendant's position. It has long been held that when a corporation is formed for the purpose of accomplishing fraud or other illegal acts, the fiction of the separate entity will be disregarded, and the acts of the real parties dealt with as though no corporation had been formed. 8 Fla.Jur.2d, Business Relationships § 18 (See numerous cases cited under note 89). Thus, the Courts will pierce the corporate veil where the corporation is used to avoid the personal liability of the incorporators, or where the corporation is otherwise used to perpetrate a fraud on the creditors. Yates v. St. John's Beach Development Corporation, 129 Fla. 411, 176 So. 422 (1937). Tiernan v. Sheldon, 191 So.2d 87 (4th DCA Fla. 1966) cert. discharged 200 So.2d 183. Ostend Realty Company v. Biscayne Realty & Insurance Company, supra.
Here it could be no more clear that while the stock of Suerich Enterprises, Inc. was reissued in the name of Defendant, Ronald A. Fisher, the corporation continued to be run by and for the benefit of the Debtor, Richard Flanzbaum. The Court thus finds that Defendant, Suerich Enterprises, Inc., is the alter ego of the Debtor, Richard Flanzbaum, and the assets thereof should be applied as assets of the estate herein. The measure of recovery here is identical to that based upon the violation of Fla.Stat. § 726.01.
Upon the foregoing, the Court finds and concludes that the assets of Suerich Enterprises, Inc. should be deemed assets of the estate of Richard Flanzbaum, Debtor, and that further, the issuance of seventy-five hundred (7,500) shares of Suerich Enterprises, Inc. stock to the Defendant, Ronald A. Fisher, should be cancelled and set aside. The Plaintiff, Trustee, is not entitled to a money judgment against Defendant, Ronald A. Fisher. A final judgment will be entered in accordance with these findings and conclusions.