**In re Gordon E. LEE, Debtor.**

**Bankruptcy No. 85–1351–BKC–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 17, 1988.

Donna S. Remsnyder, St. Petersburg, Fla., Thomas C. Little, Clearwater, Fla., for debtor.

Marie McMurry, c/o Michael H. Farver, New Port Richey, Fla., for Marie McMurry.

## ORDER ON DEBTOR'S OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case involves the Debtor's Objection to the claim of Marie McMurry who filed her proof of claim in this case in the amount of $25,867.96 plus interest. At the duly scheduled final evidentiary hearing, this Court reviewed the Objection and finds the pertinent facts helpful to a resolution of this matter to be as follows:

In 1969, Gordon E. Lee, the Debtor in the above-captioned case, formed a corporation known as G.E. Electrical Contracting & Appliance, Inc., which engaged in the business of electrical wiring and repair as well as air-conditioning and sign installation. The Debtor was the sole shareholder and president of this corporation. Marie McMurry was employed by the corporation as both a receptionist as well as an office manager. As part of her duties McMurry kept the corporation's books. Although this corporation was dissolved, the Debtor formed another corporation known as G.E. Electric, Inc., whose stated business purpose was identical to that of G.E. Electrical Contracting & Appliance, Inc. It appears that McMurry's employment as a receptionist and office manager remained undisturbed during this change and, in fact, survived the subsequent dissolution of G.E. Electric, Inc., and the creation of G.E. Lee Enterprises, Inc. At some point during these years that McMurry was employed by the various corporations formed by the Debtor, McMurry developed a close and personal relationship with the Debtor and his family. It is the contention of McMurry that because of this close relationship with the Debtor and his family, she made several loans to the different corporate entities and also paid corporate obligations from her own personal funds. Specifically, McMurry alleges that while she was employed by G.E. Lee Electric, Inc., she refinanced her home and loaned the $10,127.15 proceeds (Claimant's Exh. 1) to G.E. Lee Electric, Inc., which in her own words "was broke." According to McMurry, an ar-

rangement was made with the Debtor whereby G.E. Lee Electric, Inc., would be responsible for the mortgage payments on McMurry's home. McMurry admits that G.E. Lee Electric, Inc., did, in fact, make her mortgage payments. However, she contends that she refinanced her home for a second time for the benefit of the Debtor, and although some payments were made by G.E. Lee Electric, Inc., the balance of $11,667.96 was never paid in full as promised by the Debtor. In addition McMurry contends that she used her personal funds to pay for various corporate expenses such as gasoline bills of the corporate employees who needed to drive to the different job sites, totalling aproximately $4,200.00. McMurry also claims that she paid the payroll of the corporation with her personal funds on different occasions in the amount of $3,582.98 and paid $4,887.00 property tax owing on the real estate owned by the corporation G.E. Electric, Inc., as well as the Debtor's individually owned real property.

In support of her contentions, McMurry offered into evidence a corporate ledger which purports to show an outstanding balance of $11,747.49 owed by the corporation. Notwithstanding that the name of the account on the ledger sheet reads "Person to Person" McMurry contends that the ledger in fact represents an indebtedness owed to her by the Debtor. In further support of her claim, McMurry offered into evidence a copy of a Security Agreement which purports to grant McMurry a security interest in all the accounts receivable, notes receivables, all inventory, all tools and all unencumbered vehicles owned by G.E. Lee Electric Contracting & Appliance, Inc. The Security Agreement is apparently signed by Gordon E. Lee, the Debtor in his capacity as President of the above-mentioned corporation as well as his individual capacity.

The Debtor objects to the claim of McMurry on the basis that McMurry never loaned any monies to the Debtor personally and, therefore, he is not liable for any claim that McMurry now asserts. The Debtor further contends that any monies expended by McMurry for the corporation's expenses and payroll obligations were done for the benefit of G.E. Lee Electric, Inc., and not the benefit of the Debtor individually.

■ In light of the record established at the final evidentiary hearing, this Court is satisfied that the claim of McMurry fails for several reasons. First, assuming but not admitting, that McMurry did, in fact, loan funds to G.E. Electric, Inc., the proceeds from the refinancing of her home, there is nothing in this record which would establish that it was the Debtor who received the loan. Even though the Security Agreement which purports to grant McMurry a security interest in the assets of the corporation is signed by the Debtor individually, the Security Agreement is legally insufficient to establish liability of the Debtor. McMurry herself testified that she loaned the corporation money and paid corporate expenses because the corporation "was broke" and she wanted to help the Debtor and his wife with whom she developed a quasi-maternal relationship. McMurry testified that the Debtor promised to purchase a new car for her. In light of this testimony, this Court is satisfied that inasmuch as there has been no showing that the Debtor personally borrowed the money from the claimant which he agreed to repay, the claim of McMurry cannot be sustained.

■ In addition there is insufficient evidence before this Court to allow the corporate veil of G.E. Lee Electric, Inc., to be pierced so that the Debtor could be personally liable for the debt of the corporation. Even assuming, but not admitting that this record would justify the disregard of the separate legal existence of the corporation, G.E. Electric, Inc., this Court is satisfied that the monies allegedly loaned by Ms. McMurry were not even loaned to the Debtor or to the corporation. While this Court recognizes that McMurry did, in fact, refinance her home, and obtained several thousands of dollars, this amount does not come close to the amount of monies she claims to have loaned to the Debtor and/or G.E. Lee Electric, Inc. A conclusion is not evidenced by this record. This Court finds

it difficult to fathom how a person earning an extremely limited income who admittedly has not acquired any monies through inheritance, divorce settlement, or from some other source, and whose monthly obligations are almost equal to her take-home pay would be in a position to save the funds which she has claims to have loaned to the Debtor.

Based on the foregoing, this Court is satisfied that the Debtor's objection to the claim of McMurry should be sustained and the claim of McMurry disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to the claim of Marie McMurry be, and the same is hereby, sustained, and the claim of Marie McMurry be, and the same is hereby, disallowed.