**In re C.W. BAILEY and Joyce Bailey, Debtors.**

**Bankruptcy No. 87-3627-8B1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 21, 1990.

Cindy L. Turner, Tampa, Fla., for debtors.

Donald G. Jacobsen, Lakeland, Fla., for Sumter County Farmers' Market and Donald Nelson.

## ORDER ON OBJECTION TO CLAIMS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon Objections to Claims No. 14 and No. 15 filed by the Debtor in the above-captioned Chapter 11 case. Claim No. 14 was filed by Donald Nelson as an unsecured claim in the amount of $19,000.00 based upon a contract to sell cattle to a business in which the Debtors were involved. Although the alleged debt was not reduced to judgment, an action was pending against the Debtors in the Circuit Court in and for Polk County, Florida, at the time of filing of the Petition. Claim No. 15 was filed by the Sumter County Farmers' Market as an unsecured claim in the amount of $44,340.00. This claim also alleged liability on a contract to sell cattle to a business in which the Debtors were involved. Again, a suit was pending against the Debtors in the Circuit Court in and for Polk County, Florida, at the time of filing of the Chapter 11 Petition. The Debtor filed Objections to both claims on the basis that the debts are not valid or enforceable against the Debtors. The following facts were established at the final evidentiary hearing which are relevant and germane to the disposition of this cause:

The claims of Donald Nelson and the Sumter County Farmers' Market arose as a result of the delivery of cattle by the Claimants to a corporation known as International Cattle Co., Inc. (International).

The corporation was owned entirely by one of the Debtors, C.W. Bailey. Mr. Bailey was engaged in the cattle business for approximately 30 years doing business under various trade names and through several corporations.

Prior to 1977, Michael Tomkow, Dwight L. Crum and Cecil Yates owned and operated a corporation known as Southern Livestock, Inc. (Southern), which was also engaged in the business of buying and selling cattle. Mr. Bailey was not involved in Southern. In 1977, the Packers and Stockyards Administration, United States Department of Agriculture, issued a cease-and-desist order enjoining Southern and "its officers, directors, agents, employee, successors, and assigns, directly or through any corporation or other device, in connection with the operation of the Act (Packers and Stockyards Act of 1921, 42 Stat. 159, 7 U.S.C. §§ 181–229)" from operating in the livestock business unless they met certain conditions. (Exh. No. 1).

Following the entry of the cease-and-desist order, Southern ceased doing business. Later, Mr. Crum approached Mr. Bailey and requested that he act as officer and sole shareholder of a separate corporation known as International. The purpose of International was to carry on some of the business which was previously conducted by Southern. It appears that this was done because none of the principals of Southern would have been permitted to operate the business due to a lack of an equity position as required by the Department of Agriculture. Mr. Bailey made an investment of $500.00 in the corporation and agreed to act as the president and sole shareholder of International. The day-to-day operations of the corporation were turned over to Mr. Tomkow, Mr. Crum and Mr. Yates.

Mr. Crum, Mr. Tomkow and Mr. Yates continued operating the cattle order-buying business which had been previously performed by Southern through International. During the several years which followed, International leased facilities from Southern and paid $2.00 per head for cattle which passed through Southern's facilities at the rate of 2,000–3,000 cows per week.

Mr. Bailey managed International administratively by executing all the corporate documents necessary to maintain the corporation as an active corporation in the livestock business.

By 1980, it was apparent that International was beginning to have some of the same financial difficulties previously suffered by Southern. Notwithstanding, however, International continued to solicit cattle contracts. In November 1981, International closed and ceased doing business. At that time, International was indebted to both Claimants, although some of the debts were repaid through a bond and by settlement with the estate of Mr. Tomkow, who is now deceased. There is still an outstanding balance which is the basis of the claim asserted against these Debtors.

The Complaint filed in the Circuit Court in and for Polk County, Florida attempted to impose liability on International, and further sought to pierce the corporate veil of International in order to impose personal liability on the Debtors as officers and sole shareholders of the corporation. On July 2, 1987, the Debtors filed a Chapter 11 Petition which stayed all proceedings against him in the Circuit Court in and for Polk County, Florida.

The Claimants contend that they are entitled to pierce the corporate veil of International and to impose personal liability at least upon Mr. Bailey because the corporate entity was allegedly utilized to circumvent the mandate of the cease-and-desist order issued by the Department of Agriculture, which enjoined Southern and its agents from operating in the cattle business. They contend that the corporate shield of International was utilized to circumvent the law and, therefore, the corporate entity should be disregarded and the Debtor, Mr. Bailey, should be held personally liable to the debts of International.

■ In general, one who contracts with a corporation must look to it alone for performance of contracts and, absent certain limited exceptions, shareholders and officers are not liable for any of the obligations of the corporation. The corporation is an entity distinct from its sharehold-

ers, officers and directors, and its debts are not debts of the shareholders, officers or directors. 8 Fl.Jur.2d, § 207—Business Relationships, *In re Vermont Toy Works, Inc.*, 82 B.R. 258 (Bankr.D.Vt.1987); *In re Lee*, 87 B.R. 697 (Bankr.M.D.Fla.1988).

It is undisputed that International observed all of the requisite corporate formalities and maintained its corporate status in good standing with the Secretary of State of Florida and filed the appropriate federal and state income tax returns. Mr. Bailey never made any loans to International, nor did he borrow any money from the corporation. In fact, he engaged in no transactions with the corporation, other than merely handling administrative functions in his capacity as president.

 However, it is well established that the fiction of the corporate entity cannot be used as a means of evading the law. *State Board of Funeral Directors and Embalmers v. Cooksey*, 155 Fla. 761, 21 So.2d 542 (1945); *Gilbert v. Doris R. Corp.*, 111 So.2d 682 (Fla.App.D.3, 1959). In such a case, the corporate entity may be disregarded and the court will impose liability upon the individuals who used the corporation to avoid the loss. *Mayer v. Eastwood S. and Co.*, 122 Fla. 34, 164 So. 684 (1935); *Harris Investments Co. v. Hood*, 123 Fla. 598, 167 So. 25 (1936); *Tiernan v. Sheldon*, 191 So.2d 87 (Fla.App.D.4, 1966).

It is clear that International was created to carry on the business of Southern and to avoid the cease-and-desist order which was issued by the Packers and Stockyards Administration, United States Department of Agriculture. Therefore, this Court holds that the corporate entity should be disregarded and that personal liability should be imposed upon the Debtors due to the improper conduct of the Debtors in forming the corporation for the specific intention of circumventing the law.

Based on the foregoing, it is appropriate to enter an order overruling the objection to Claims No. 14 and No. 15, and allowing Claims No. 14 and No. 15 as filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objections to Claims No. 14 and No. 15 filed by the Debtor be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that Claims No. 14 and No. 15 filed by Donald Nelson and the Sumter County Farmers Market be, and the same is hereby, allowed as filed.

DONE AND ORDERED.